OPINION
On June 13, 1996, appellant, J J Refuse, Inc., filed a complaint against appellee, Tomkins Industries Inc., Malta Division, for breach of a waste hauling service and container rental agreement. On August 8, 1997, appellee filed a motion for summary judgment arguing the agreement did not contain an exclusivity clause and the agreement was clear and unambiguous. By judgment entry filed March 4, 1998, the trial court granted said motion and found appellee was not in breach of contract.
Appellant filed a notice of appeal and this matter is now before this court for consideration.
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW BY FINDING THAT THE CONTRACT BETWEEN THE PARTIES IS A NONEXCLUSIVE AGREEMENT FOR THE PERFORMANCE OF A SERVICE, AND THAT APPELLEE MAY ENTER INTO THEIR CONTRACTS FOR THE PERFORMANCE OF THE SAME SERVICE.
 II BECAUSE THE CONTRACT IS SILENT ON A KEY TERM, THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING RELEVANT PAROL EVIDENCE RELATIVE TO THE ORIGINAL INTENTION OF THE PARTIES IN ENTERING INTO THE AGREEMENT.
 III THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW BY FINDING THAT APPELLEE IS NOT IN BREACH OF CONTRACT.
 IV THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT APPELLEE HAS GIVEN APPELLANT NOTICE OF CANCELLATION IN ACCORDANCE WITH THE AGREEMENT'S TERMS.
 I, II
Appellant claims the trial court erred in granting summary judgment to appellee. Appellant argues there is a genuine issue of material fact concerning the "exclusivity" of the contract and parol evidence is appropriate to explain the terms of the contract. We agree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
By judgment entry filed March 4, 1998, the trial court specifically found the clear and unambiguous language of the contract established the contract was not an exclusive contract:
 2. The court finds as a fact that the contract between the Plaintiff and the Defendant has no language making it an exclusive contract. It is a contract for the performance of a service, specifically the payment of a rental fee of One Hundred Three and 50/100 Dollars ($103.50) for the rental of one container and the payment of a rental fee of Sixty-Nine Dollars ($69.00) per month each for three containers and specifically the hauling of all loads to the Muskingum Landfill with 24 hour call-in notice at the rate of Ninety Dollars ($90.00) per load or to an alternative landfill at an unspecified additional rate with disposal charges being besed (sic) upon the gate rate charge of the landfill being used plus five percent (5%).
The language in question is part of the "Service Agreement" which was renewable annually. Said agreement at paragraph two stated "[c]ontractor shall provide service as described on page two (2) of this Agreement." Page two stated "[h]auling of all loads to Muskingum landfill with a 24 hour call-in notice. * * * The price of all hauling services is subject to our standard service agreement."
By letter dated April 29, 1996 (Plaintiff's Exhibit 6), appellee canceled the "hauling" provision of the agreement stating as follows:
 If our legal department advises Malta that they are bound to this agreement and you intend to hold us to it, we will pay you the monthly rental fee only, there will be no other compensation, since no hauling of trash will be required by ACE. If you wish to cancel the agreement your equipment can be removed at any time.
In it's August 8, 1997 motion for summary judgment at 5, appellee argued there was no "exclusivity" term in the agreement:
 J J cannot escape this result by pointing to the course of performance under the Ace Agreement. Not only would it be inequitable to infer exclusivity in such a manner, but the evidence here does not support it. The record shows that during the life of the Ace Agreement, Malta contracted with numerous other companies to transport solid wast from the plant, including such items as wood pallets, glass, scrap aluminum, scrap steel, cardboard and vinyl. Deposition of Ellen Flowers at pp. 39-43. As J J's putative assignor prepared the Ace Agreement, drafting issues must be resolved against J J. Thus, J J must bear the burden of the failure of this Agreement to extract from Malta a promise of exclusivity.
Appellant argues that the actual practice concerning the agreement and the industry wide standards establish the agreement was exclusive. In support, appellant cites the depositions of appellant's president, Keith Kimbel, and appellee's floor supervisor, Ellen Lee Flowers, respectively:
 Q. Okay. Is it JJ's contention that Defendant's Exhibit 1 gave Ace and JJ an exclusive right to dispose of waste for Malta?
A. Yes.
Q. Okay. And why is that?
 A. This contract is the same as all the rest of the contracts that we use with other Ace customers. And it's common practice. And it is the intent for it to be an exclusive arrangement for disposal.
Kimble depo. at 11-12.
 Q. Okay. And Ace was the only company that hauled that waste, correct?
A. As far as I'm aware of.
 Q. Okay. You're not aware of any other hauler since 1991 that hauled the general waste, other than these specific recyclable items that we've identified, being glass, iron, aluminum, wood pallets, cardboard, and vinyl, correct?
MR. HOOD: Objection.
Q. Is that correct, ma'am?
A. Yes.
Flowers depo. at 46-47.
The trial court and appellee argue this parol evidence is improper given the clear and unambiguous terms of the agreement. We disagree and conclude the parol evidence is proper and creates a genuine issue of material fact. The term "all" as contained in the agreement in two specific sentences argues against appellee's contention the agreement was not an exclusive contract. "All" in common parlance is generally defined as "the whole amount or quantity of * * * as much as possible * * * the whole number or sum of * * *." Webster's Ninth New Collegiate Dictionary (1991) 70-71.
Based upon the evidence presented to the trial court by appellee that the agreement was not for "all/exclusive" hauling and the contra evidence presented, we conclude parol evidence is appropriate to decide what was in the minds of the parties when they contracted for "all hauling." We find the term "all" to be subject to at least two interpretations as presented by the parties and summary judgment was inappropriate.
Assignments of Error I and II are granted.
 III, IV
Based upon our decision in Assignments of Error I and II, these assignments of error are moot. Whether the agreement was broken is an issue dependent upon the trial court's resolution of Assignments of Error I and II.
The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Gwin, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.