OPINION
Plaintiff-appellant, Ernest Lacko, appeals a decision of the Jefferson County Common Pleas Court entering summary judgment in favor of defendant-appellee, Cynthia Humpe.
On November 9, 1996, appellant was walking across Lawson Avenue in Steubenville, Ohio, when he was struck by appellee's car and sustained serious injuries. Before the accident appellant had parked on Lawson Avenue, crossed the street, and entered Iggy's Pizza to pick up a pizza. He exited Iggy's and attempted to cross Lawson Avenue to get back to his car. He made it across the southbound lane and had just crossed the center line when appellee's car struck him. Appellant did not cross the street in a crosswalk or at an intersection.
At the time of the accident, shortly after 10:00 p.m., it was raining and snowing. Appellee had the car's headlights and windshield wipers on. She had stopped at a traffic light at the intersection of Lawson Avenue and State Street. When the light turned green she proceeded across State Street and was still picking up speed when she saw "pantlegs" in the headlights. She hit the brakes immediately but could not avoid striking appellant.
Appellant filed suit against appellee on January 23, 1997. On August 18, 1998, the trial court granted appellee's motion for summary judgment. Appellant filed his notice of appeal on September 8, 1998.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT. THE DEFENDANT-APPELLEE HEREIN HAD A DUTY TO EXERCISE DUE CARE TO AVOID COLLIDING WITH A PEDESTRIAN UPON THE ROADWAY."
Appellant asserts that appellee failed to exercise due care to avoid striking him. Appellant also claims that appellee did not keep a lookout and failed to see him until it was too late. Appellant further argues that appellee was impaired by a lack of sleep due to having spent the previous two nights at the hospital with her sick child.
Appellant argues that appellee had reason to expect that a pedestrian might cross the street near the spot where he was struck. He argues that appellee had noticed several people outside Iggy's which sits on the corner of State Street and Lawson Avenue. Appellant further argues that although he did not cross Lawson Avenue at the intersection, he crossed in a spot where a pedestrian would likely be found.
The Ohio Supreme Court set out the standard for considering motions for summary judgment in Dresher v. Burt (1996), 75 Ohio St.3d 280. The court stated:
 "* * * we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence [emphasis sic] of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293
Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Flemming (1994), 68 Ohio St.3d 509, 511. When reviewing a summary judgment case, appellate courts are to apply a de novo
standard of review. Cole et al. v. American Indus. and ResourcesCorp. et al. (1998), 128 Ohio App.3d 546, 552.
R.C. 4511.48(A) states:
 "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway."
The facts in the instant case are not in dispute. Appellant attempted to cross the street where there was neither a marked crosswalk nor an unmarked crosswalk at an intersection. Appellant made it across one lane of travel. Appellee did not see appellant until he was across the center yellow line. When appellee did see appellant, she slammed on the brakes but it was too late and her car struck appellant. Appellant was seriously injured as a result of the accident.
Appellant's negligence alone caused the accident. Appellant violated R.C. 4511.48(A) by crossing the street where no crosswalk existed and failing to yield to appellee's right of way. Also, appellant was intoxicated at the time and was staggering. Appellee had no reason to expect that a pedestrian would cross the street in front of her.
In the case at bar, there is no evidence that appellee was negligent. Appellee stated that she was stopped at a red light. She noticed how busy Iggy's was and that some people were standing outside. This demonstrates that she was well aware of her surroundings. The weather conditions were rainy and snowy so she had the car's windshield wipers on. Appellee also had the headlights on because it was dark out. She was not using her radio or cellular phone. She was not exceeding the speed limit of 25 miles per hour. As soon as appellee saw appellant she slammed on her brakes.
Because appellant did not present any evidence to show that appellee was negligent, the trial court properly granted summary judgment in favor of appellee. Appellant's sole assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
COX, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ GENE DONOFRIO Judge