OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Parsons, Appellant, v. Fleming, Director, et al., Appellees.

[Cite as State ex rel. Parsons v. Fleming (1994),        Ohio St.3d        .]

Public employees -- Where collective bargaining agreement specifically covers all situations in which an employee believes that he or she was assigned duties that are not in his or her current classification, the agreement controls and the employee is confined to the agreement's grievance procedure -- R.C. 4117.10(A), applied.

(No. 93-550 -- Submitted January 11, 1994 -- Decided March 23, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-1057.

Maxine Parsons, relator-appellant, sought a writ of mandamus from the Franklin County Court of Appeals compelling Luceille Fleming, Director of the Department of Alcohol and Drug Addiction Services ("DADAS"), and Stephen A. Perry, Director of the Department of Administrative Services ("DAS"), as well as DADAS and DAS, respondents-appellees, to:  (1) reclassify her retroactively to July 14, 1991 as an EEO Regional Program Administrator or act upon her job audit request, and retroactively and correctly classify her based upon her specified duties and responsibilities; (2) prohibit respondents from interfering with DAS in correctly and retroactively classifying relator's position, and order them to promptly process all paperwork; and (3) award her back pay or a temporary working level adjustment or temporary promotion with back pay from July 14, 1991.

On July 14, 1991, appellant was hired by DADAS for the newly created position of EEO Officer.  After performing the job for approximately eight months, appellant became convinced that her position had been misclassified from the date it was created.  Appellant believed that her job duties were consistent with that of an EEO Regional Program Administrator and requested that Fleming and DADAS upgrade her position.  When they refused to comply, she requested a job audit from Perry and DAS pursuant to R.C. 124.14(D), and they also refused.

It is conceded appellant, a classified civil service employee, was a member of the bargaining unit for which the Ohio Civil Service Employees Association, Local 11, AFSCME, AFL-CIO had been certified as the exclusive representative. The union had entered into a collective bargaining agreement with the state of Ohio which was effective during all pertinent times herein. Article 19 of the agreement, entitled "WORKING OUT OF CLASS," provides a three-step grievance procedure, culminating in arbitration, "[i]f an employee or the Union believes that he/she has been assigned duties not within his/her current classification." Section 19.02. Appellant did not file a grievance pursuant to Article 19.

Appellees filed a motion to dismiss or for summary judgment which was converted by the court of appeals to solely a motion for summary judgment. Appellant filed her own motion for summary judgment. Appellant also filed an affidavit verifying the allegations of her complaint and the accuracy of numerous exhibits. Appellees subsequently filed an affidavit of Stephen J. Toth, Human Resources Administrator for DADAS, in which he stated that: (1) he participated in appellant's hiring at DADAS, (2) she was not hired from a civil service eligibility list, (3) no eligibility list for the position of EEO Officer existed at the time appellant was hired, (4) she was not hired as an original appointment, and (5) she had actually been promoted from her previous position as an EEO Officer for DAS and transferred between agencies.

The court of appeals overruled appellant's motion for summary judgment, granted appellees' motion for summary judgment, and denied the writ.

The cause is before this court upon an appeal as of right.

Lucas, Prendergast, Albright, Gibson & Newman and James E. Melle, for appellant.

Lee Fisher, Attorney General, Jack W. Decker and Darlene E. Chavers, Assistant Attorneys General, for appellees.

Linda K. Fiely, urging affirmance for amicus curiae, Ohio Civil Service Employees Association, AFSCME, Local 11, AFL-CIO.

Per Curiam. Appellant contends that the court of appeals erred in granting appellees' motion for summary judgment and denying her requested mandamus relief. Appellant additionally contends that the court of appeals erred in overruling her summary judgment motion.

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution and doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138, 140. If a contract is

clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. Davis v. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64, 66, 609 N.E.2d 144, 145.

R.C. 124.14(D) provides that "[u]pon the request of any classified employee who is not serving in a probationary period, the director shall perform a job audit to review the classification of the employee's position to determine whether the position is properly classified." As mentioned above, Article 19 of the collective bargaining agreement between the state and the union provides a grievance procedure, including arbitration, "[i]f an employee or the Union believes that he/she has been assigned duties not within his/her current classification." Section 19.02. The collective bargaining agreement provides that "[i]f the Director or designee determines that the employee is performing duties not contained within the employee's classification," the employee is entitled to the remedies of: (1) immediate discontinuance of duties not associated with the employee's current classification, as well as (2) a limited monetary award for the duties already performed if the duties are associated with a higher paying classification. Id.

The court of appeals denied appellant's request for mandamus relief on summary judgment, stating:

"Section 19.02 addresses situations where an employee whose position is within a proper classification is assigned duties outside of that classification. Section 19.02 of the collective bargaining agreement does not provide a remedy to someone who is newly hired for a position which is incorrectly classified. In that case, an employee would be performing duties regularly assigned for the position, but the classification into which the position had been placed does not include the regular duties of the position. Section 19.02 of the collective bargaining agreement does not address, nor provide, a remedy for an employee who believes his position has been misclassified. Rather, the collective bargaining agreement provides an avenue of relief only when an employee claims the job duties assigned are outside of the regular duties of the position and classification.

"* * * In the situation where an employee is hired, not transferred, for a newly created position which has an incorrect classification attached to the correct job duties, the employee would have a right to a job audit since the collective bargaining agreement does not provide a remedy for such a misclassification. However, that is not the situation in this case."

The court of appeals agreed with appellant's assertion that the collective bargaining agreement does not supersede the employee's right to an R.C. 124.14(D) job audit where the employee is newly hired and is misclassified. However, the court held that appellees were entitled to summary judgment because: (1) appellant was hired to perform the job duties of an EEO Officer and therefore her position was not misclassified; and, alternatively, (2) if her present position was misclassified, any correction could not be for her benefit because she was promoted and then transferred between agencies (Ohio Adm. Code 123:1-25-01 prevents any transfer to a higher

position).

All parties take exception to the court of appeals' rationale, although appellees contend that the court reached the correct result.

Appellant contends that she was originally appointed to her misclassified position and, consequently, the collective bargaining agreement could not prevail over her statutory right to a job audit. R.C. 4117.08 provides:

"(A) All matters pertaining to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective bargaining between the public employer and the exclusive representative, except as otherwise specified in this section.

"(B) The conduct and grading of civil service examinations, the rating of candidates, the establishment of eligible lists from the examinations, and the original appointments from the eligible lists are not appropriate subjects for collective bargaining." (Emphasis added.)

R.C. 4117.08(B) prohibits collective bargaining over all matters concerning pre-hire examinations and the establishment of pre-hire eligibility lists. DeVennish v. Columbus (1991), 57 Ohio St.3d 163, 566 N.E.2d 668, paragraph one of the syllabus. In other words, R.C. 4117.08(B) prohibits the parties to a collective bargaining agreement from bargaining over matters concerning the original, and not the promotional, appointment process. Id. at 165, 566 N.E.2d at 670; see, also, Biddle v. Dayton (1988), 48 Ohio App.3d 116, 548 N.E.2d 329. The range of forbidden bargaining topics in R.C. 4117.08(B) is much narrower than that of permitted ones, and the common thread to each of the categories listed in R.C. 4117.08(B) is the civil service connection for the selection of workers. O'Reilly, Ohio Public Employee Collective Bargaining (2 Ed.1992) 202, Section 117.08.

Conversely, in the case at bar, the uncontradicted summary judgment evidence indicated that appellant was not originally appointed from an eligibility list; indeed, there was no eligibility list. Therefore, appellant's "appointment" was not forbidden from collective bargaining by R.C. 4117.08(B).

Appellant further contends that the court of appeals erred in holding that Article 19 of the collective bargaining agreement controlled her grievance concerning misclassification. On the other hand, the appellees and the union assert that Article 19 prevailed over R.C. 124.14(D). Except for laws specifically exempted, the provisions of a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevail over conflicting laws. Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO (1991), 61 Ohio St.3d 658, 576 N.E.2d 745, paragraph one of the syllabus. R.C. 4117.10(A) provides:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where the agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local ordinances pertaining

to the wages, hours, and terms and conditions of employment for public employees. * * * [This] chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly."  (Emphasis added.)

This court has allowed resort to local law under R.C. 4117.10(A) where collective bargaining agreements did not specifically cover certain matters, see State ex rel. Clark v. Greater Cleveland Regional Transit Auth. (1990), 48 Ohio St.3d 19, 548 N.E.2d 940 (prior service vacation credit an individual is entitled to receive pursuant to R.C. 9.44); Bashford v. Portsmouth (1990), 52 Ohio St.3d 195, 556 N.E.2d 477 (the R.C. 124.27 subject of probationary employee termination); and State ex rel. Caspar v. Dayton (1990), 53 Ohio St.3d 16, 558 N.E.2d 49 (R.C. 9.44 prior service vacation credit),  as well as when there is no collective bargaining agreement, State ex rel. Internatl. Union of Operating Engineers v. Cleveland (1992), 62 Ohio St.3d 537, 584 N.E.2d 727.

Section 19.02 of the collective bargaining agreement specifically covers all cases where "an employee * * * believes that he/she has been assigned duties not within his/her current classification."  We agree with both the appellees and the union that the foregoing language covers both the case (1) where an employee is correctly classified and is assigned duties that are not in that classification, and (2) where an employee is misclassified, and is assigned duties that do not correspond to his or her current classification.  In both of the foregoing situations, the employee is performing duties that do not fit within his or her designated classification. Appellant claims that Section 19.02 of the collective bargaining agreement was intended to "apply only to those situations in which a bargaining unit employee already working for the agency is assigned additional duties and responsibilities."  (Emphasis sic.)  However, the plain language of that provision does not so restrict its reach. While it is true that appellant does not have the same remedies available to her by virtue of the agreement as opposed to through an R.C. 124.14(D) job audit, the limitation of such remedies was manifestly within the authority of the parties to the agreement.  Therefore, since the agreement specifically covers all situations in which the employee believes that he or she has been assigned duties that are not within his or her current classification, the agreement controls and appellant is confined to the agreement's grievance procedure.  R.C. 4117.10(A).

Although the foregoing analysis does not comport with all of the court of appeals' rationale, a reviewing court will not reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof.  Myers v. Garson (1993), 66 Ohio St.3d 610, 614-615, 614 N.E.2d 742, 745; Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174.  Based upon the foregoing, the court of appeals properly granted appellees' motion for summary judgment and denied appellant's requested mandamus relief.  To the extent that appellant's propositions of law assert other grounds attacking the court of appeals' judgment, the analysis set forth supra renders those additional arguments moot.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., not participating.