DECISION
Plaintiff-appellant, Nicholas P. Quelette, appeals from a judgment of the Franklin County Court of Common Pleas granting judgment on the pleadings for defendant-appellee, city of Columbus.
The facts in this case are undisputed. Appellant began his employment as a firefighter with the city of Columbus on October 29, 1979. On September 7, 1989, appellant submitted a letter of resignation to be effective September 16, 1989. Also on September 7, 1989, appellant submitted a letter to the Columbus Director of Public Safety seeking reinstatement. Appellant's motive in thus resigning and seeking simultaneous reinstatement was prompted by personal financial difficulties; by resigning from the division of fire, he could withdraw funds from his pension account. Appellant undertook this procedure in the belief that there would be no adverse repercussions on his standing within the division of fire other than a very minimal loss of seniority. On September 22, 1989, appellant was in fact reappointed to the division of fire.
In May 1990, the Columbus Civil Service Commission ("Commission") issued a notice for a competitive promotional examination for the position of fire lieutenant in the division of fire. Appellant's application was rejected on the basis that he did not have five years continuous service, due to his brief break in service the prior year. Appellant appealed this denial to the Commission, which upheld the decision denying his application to take the fire lieutenant examination.
In 1990, appellant filed two actions in the Franklin County Court of Common Pleas. In case No. 90CVF07-5281, appellant brought an appeal pursuant to R.C. 2506 from the action of the Commission denying his application to take the fire lieutenant examination. In case No. 90CVF07-5624, appellant filed a complaint seeking a writ of mandamus, injunctive relief, declaratory judgment, and rescission. On January 14, 1991, the trial court dismissed, sua sponte, the mandamus element of 90CVF07-5624 on the grounds that mandamus would not lie as appellant had an adequate remedy at law. No appeal was taken from that decision.
The parties thereafter filed cross-motions for summary judgment, and the trial court granted summary judgment in favor of appellant. Appellee appealed to this court and we reversed and remanded the matter in Quelette v. Columbus Civ. Svc. Comm. (June 17, 1993), Franklin App. No. 93AP-39, unreported. Our decision considered the impact of DeVennish v. Columbus (1991), 57 Ohio St.3d 163, on appellant's case. In DeVennish, the Ohio Supreme Court held at the syllabus: "[m]atters affecting promotions are appropriate subjects of collective bargaining." (R.C. 4117.08, construed.) Thus, DeVennish established that in some circumstances contractual provisions governing promotions would supercede conflicting Commission rules. In applying DeVennish to the case before us, we noted that the firefighters' contract with the city defined continuous service, but did not contain any provision which conflicted with the five-year continuous service requirement for promotion eligibility set forth in the Commission's notice for the fire lieutenant's examination. Our prior decision thus stated:
 Both the commission rule and the contract provide that a resignation, other than to accept another position with the city, is a break in service. Thus, under either the commission rule or the contract, [appellant] would still lack the required years of service to take the promotional examination. Although the firefighters' contract * * * [refers] to Section 2, Article XXIII of the previous contract, that previous contract is not part of the record. Thus, we cannot speculate as to what the earlier contract required for promotional eligibility. If, in fact, * * * the earlier contract contained provisions setting forth promotional eligibility requirements that differ from the commission's requirements, the contract provisions would be applicable pursuant to DeVennish."
* * *
 Thus, while we agree with the trial court that the holding in DeVennish is applicable in that matters pertaining to promotion are subject to collective bargaining, we disagree with the trial court in concluding that the DeVennish requirement for eligibility to take a promotional examination in the division of police may be grafted onto the firefighters' contract based on the record before us. Rather, we agree with appellant that the firefighters' contract is silent as to specific requirements for promotion and, therefore, the commission rule applies.
* * *
 Inasmuch as the trial court decided the issues only based on DeVennish, the trial court failed to consider whether [appellant] has attempted to, or should be permitted to, withdraw his resignation. * * * In remanding this matter, we are aware of the possibility that evidence of the previous contract may make it unnecessary to consider the withdrawal of Quelette's resignation if, as discussed above, the earlier firefighters' contract did contain provisions relating to eligibility for promotion. Quelette, supra, at 3-4.
Thus, our prior decision establishes the law of the case in that only two issues were to be addressed upon remand. The first issue was whether the pre-1987 firefighters' contract contained promotional eligibility requirements which, underDeVennish, would supercede the five-year continuous year requirement of eligibility for the fire lieutenant examination imposed by the Commission. The second issue concerned whether appellant had attempted to withdraw his resignation.
For reasons which are not entirely clear, the case languished for some years in the trial court after our remand. Eventually, the matter was considered by the trial court upon appellant's motion for summary judgment and appellees' motion for judgment on the pleadings. In connection with the respective motions, the trial court considered the letters of resignation and reinstatement submitted by appellant in 1989, the official notice and requirements for the fire lieutenant's examination, and the contract between the city of Columbus and the International Association of Firefighters, Local # 67, covering the period from June 1, 1987 to May 31, 1990, all of which were submitted by appellant in support of his motion for summary judgment. The trial court interpreted the Commission's requirement of five years' continuous service as a prerequisite for taking the fire lieutenant's examination, in conjunction with the definition of continuous service found in the firefighters' contract, and found that appellant did not meet the requirements to take the fire lieutenant's examination and thus, would not, as a matter of law, prevail on his summary judgment motion. Relying upon the same materials, the court found that appellee was entitled to judgment on the pleadings. The court did not address the remanded issue of whether appellant had properly, and in a timely manner, withdrawn his resignation.
Appellant has timely appealed, and brings the following assignments of error:
 1. THAT THE DECISION AND ENTRY DATED JULY 6, 1999, DENYING PLAINTIFF-RELATOR'S MOTION FOR SUMMARY JUDGMENT FILED FEBRUARY 3, 1999, AND GRANTING DEFENDANTS-RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED FEBRUARY 13, 1998, ARE CONTRARY TO LAW IN THAT THEY FAIL TO ADDRESS THE ISSUE OF THE PENDING ACTION FOR RESCISSION OF HIS RESIGNATION AS ORDERED BY THIS COURT.
 2. THAT THE DECISION AND ENTRY DATED JULY 6, 1999, DENYING PLAINTIFF-RELATOR'S MOTION FOR SUMMARY JUDGMENT FILED FEBRUARY 3, 1999, AND GRANTING DEFENDANTS-RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED FEBRUARY 13, 1998, ARE CONTRARY TO LAW IN THAT THEY FAIL TO ADDRESS THE ISSUE OF CONTINUOUS SERVICE AS DEFINED BY THE COLLECTIVE BARGAINING AGREEMENT.
We should note at the outset that this case presents several procedural peculiarities which must be addressed. First, one of the two parallel cases which appellant initiated in the court of common pleas consisted of an appeal from the Commission's order denying him the opportunity to take the fire lieutenant's examination. This appeal was brought to the court of common pleas pursuant to R.C. 2506.01 et seq., governing appeals from decisions of political subdivisions and their agencies. Pursuant to R.C.2506.04, the standard to be applied in such an appeal is whether the "order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." In neither of its prior decisions did the common pleas court expressly apply such a standard when addressing this component of appellant's action; the two cases in the lower court were addressed together under the summary judgment standard, as original civil actions. Nonetheless, no appreciable prejudice appears to have resulted to appellant from this, and, most significantly, appellant has not raised this as an issue in either the present or previous appeal to this court. We will therefore consider that any objection to the trial court's disposition to appellant's administrative appeal under the same standard as the parallel civil action is waived by appellant.
Another issue is raised from the trial court granting judgment on the pleadings for appellee, while clearly relying on materials which may have been outside the pleadings. Judgment on the pleadings may be granted only where no material factual issues exist and the moving party is entitled to judgment as a matter of law. Civ.R. 12(C). Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings, any writings attached to the complaint, and all reasonable inferences regarding the material allegations are to be construed in favor of the nonmoving party. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165. Upon appeal, a reviewing court shall conduct a de novo review of all legal issues without deference to the determination of the trial court. Flanagan v.Williams (1993), 87 Ohio App.3d 768, 762. Where a motion for judgment on the pleadings is predicated upon a writing attached to the complaint, as in the case before us, the movant must demonstrate that "the writing presents an insuperable bar to relief." Slife v. Kuntz Properties (1974), 40 Ohio App.2d 179,186. Clearly, in the present case, the trial court relied upon pertinent language in the firefighters' contract as "an insuperable bar to relief." Perhaps due to the extraordinary interval between remand from our prior decision and subsequent judgment rendered by the trial court, it appears the original record in the present matter has been lost and reconstituted, largely through the materials furnished by the parties. The copy of appellant's complaint which is available to us does not appear to include an attached copy of the firefighters' contract with the city. Nonetheless, appellant again has not raised the issue of whether a judgment on the pleadings could be properly granted by the trial court without going outside the pleadings in the case, and in practice, both parties argue the motion as a motion for summary judgment, referring to matters introduced in connection with appellant's own motion for summary judgment. In light of the fact that appellant has not raised as an assignment of error the trial court's disposition of the matter through judgment on the pleadings, rather than summary judgment, and in light of the fact that no prejudice to appellant has resulted therefrom, we find that this particular procedural irregularity does not provide grounds to reverse the judgment of the trial court.
Viewing the matter as one properly decided on summary judgment, we note that Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that there remains no genuine issue of fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A moving party may not discharge its burden under Civ.R. 56 by simply making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party, must rather point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
An appellate court's review of summary judgment is denovo. Koos v Central Ohio (1994), 94 Ohio App.3d 579,588; PatsyBard v. Soc. Nat. Bank nka KeyBank, (Sept. 19, 1988) 97AP-1497, unreported. We thus conduct an independent review of the record and evidentiary materials submitted in support of and opposition to summary judgment, standing in the shoes of the trial court.Jones v. Shelly, Co. (1995), 106 Ohio App.3d 440, 445. As such, we have the authority to reverse or affirm the trial court's judgment on any grounds supported by the evidence, even if the trial court failed to consider those grounds. Bard, supra.
As stated above, two issues and two issues only remained to be resolved when this court remanded the case to the trial court after the initial appeal: first, the impact, if any, of a prior contract between the firefighters and the city, and second, whether evidence might be produced that appellant had withdrawn his resignation, or ought to be permitted to subsequently withdraw his resignation, such that he would have suffered no break in service.
With respect to the first issue, both parties in the trial court have spent much time re-examining the provisions governing five-years' continuous service as a prerequisite for the fire lieutenant's examination, including the definition of continuous service, in the 1987-1990 firefighters' contract. Our prior decision clearly examined this language and concluded that the 1987 through 1990 firefighters' contract clearly did not support appellant's position that he was entitled to take the fire lieutenant's examination. This issue was therefore resjudicata, and should not have been revisited by the parties in the summary judgment motion giving rise to the present appeal. The only issue for the trial court to examine, pursuant to our prior decision, was whether a prior contract between the city and the firefighters union contained language controlling eligibility for promotion. The contract preceding the 1987-1990 contract has not been introduced by either party to this appeal, nor has appellant asserted that any language therein would be dispositive. While we therefore disagree with the trial court's re-examination of this issue, the outcome is correct in that appellant has not raised a material issue of fact concerning his entitlement, under either Commission rules or the firefighters' contract, to take the fire lieutenant examination. Summary judgment was therefore appropriate on this issue.
Regarding appellant's claim for rescission, again no issue of material fact can be shown. With respect to withdrawal or rescission of a resignation made by a public employee, the Supreme Court of Ohio has held: "(1) a public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not accepted such tender of resignation. (2) Acceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action, preferable in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer." Davis v. Marion Cty. Engineer (1991), 60 Ohio St.3d 53, syllabus. Appellant's complaint states that he resigned on "September 9, 1989." Appellant's complaint further avers that he attempted to withdraw his resignation on August 20, 1990, well after his resignation had become effective, and well after his subsequent reinstatement. Since appellant clearly understood that his resignation had been accepted, and proceeded to carry out the purpose of the resignation by accessing his retirement funds, acceptance of his tender of resignation of public employment, pursuant to Davis, supra, clearly occurred.
Appellant has not stated any other grounds in support of rescission other than the general contention that he had been misled in submitting his resignation regarding the effect on his eligibility for promotion. At no point during the course of this action has appellant alleged, by affidavit or otherwise, any specific misleading statement by appellee or any employee of the city of Columbus which led him to undertake the resignation which he now regrets. Before the trial court there remained only the general assertion that appellant had been misled; any misrepresentation was never specifically attributed to appellees or their agents. Under these circumstances appellant had not borne his burden of raising a material issue of fact on the question of rescission, and it was thus not error for the trial court to enter judgment in favor of appellees on this claim.
In summary, taking into account the law of the case as presented in our prior decision, the evidentiary materials submitted by the parties to the trial court in support of their respective motions, and the pertinent law, we find that the trial court did not err in granting judgment for appellees. Appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.