I concur with the majority except regarding the analysis of assignments of error three and eight.
As to assignment of error number three, I would find that Paragraph 6(B) is "clear and unambiguous." It appears clear to me that the term "cause" was defined as to include all of the situations set forth in 6(B)(1) and 6(B)(2). Therefore, I reach the same result as the majority did regarding the third assignment of error, but for a different reason.
I also am writing separately regarding assignment of error number eight. The majority uses a manifest weight standard of review when it should have used a de novo standard of review because the analysis turns on whether the trial court applied the correct law. In addition, I would find that the contract language itself is pertinent to the result. Therefore, I would offer the following additional discussion to assignment of error number eight.
I would find that this issue may be resolved by a review of the terms of the contract. The interpretation of a contract that is clear and unambiguous is a question of law. State ex rel. Parsons v. Fleming
(1994), 68 Ohio St.3d 509, 511. Questions of law are reviewed de novo.Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 51-52.
The Commission Agreement stated that AMS was "to pay Booher, or his designee, in perpetuity, commissions . . . on premiums received for [Booher's] Existing Block of Business either reinsured by [AMS] or rewritten directly by [AMS]." The Commission Agreement granted Booher the right to receive these commissions regardless of whether Booher remained as an agent. Further, the commissions were to be paid to Booher regardless of whether he remained in business. Booher was to receive these commissions in perpetuity and could even designate someone else to receive the commissions. Therefore, Booher was to receive these commissions without regard as to whether Booher incurred expenses or played any role in the retention of the accounts. Pursuant to the contract, Booher need do no more than wait to receive his commissions.
This case is to be contrasted with the "expectation interest" or "lost profit" cases cited by AMS. Generally, when a party is awarded damages as lost profits or as compensation for expectation interest, the damage award must be reduced by the costs or expenses that the party would have incurred in earning the profit or which the party avoided by not performing the contract. See Digital Analog Design Corp. v. North SupplyCo. (1989), 44 Ohio St.3d 36; The Restatement of the Law 2d, Contracts (1981) 102-103, Remedies, Section 344. However, in this case, pursuant to the terms of the Commission Agreement entered into by AMS and Booher, Booher need incur no expenses nor perform any act to receive the commissions.
Pursuant to the clear terms of the contract, I find Booher's damage award need not be reduced for expenses, as a matter of law.
Therefore, I reach the same result as the majority regarding assignment of error number eight, but would add to the analysis.
 ______________________ Judge Julie A. Edwards