This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, City of Steubenville (hereinafter "City"), appeals the decision of the Jefferson County Court of Common Pleas granting a temporary restraining order and permanent injunction prohibiting and enjoining the City from changing the eligibility requirements for certain positions within the Steubenville Fire Department. For the following reasons, the trial court's decision is affirmed.
Appellee, the Steubenville Firefighters Union Local No. 228, IAFF, AFL-CIO (hereinafter "Union"), is the collective bargaining representative of firefighters employed by the City of Steubenville. The Union and the City entered into a collective bargaining agreement concerning the terms of employment of the firefighters, which took effect on June 1, 1995.
At the time the collective bargaining agreement was adopted by the parties, the eligibility requirements for promotion within the fire department consisted of the following pertinent language:
 1) Only Line Captains could take the promotional exam for Assistant Chief.
 2) Firefighters had to have four years of service to take the promotional exam for Captain.
On December 13, 1999, the Steubenville Civil Service Commission (hereinafter "Commission") changed these eligibility requirements, to provide as follows:
 1) Both Line Captains and Captain/Inspectors could take the promotional exam for Assistant Chief.
 2) Firefighters had to have two years of service to take the promotional examination for Captain.
After the Commission promulgated these new rules the Union filed a grievance with the City Manager challenging them. This grievance was based on three clauses:
ITEM 33. ARBITRATION-GRIEVANCE
 If, at any time, there arises a dispute concerning the application and interpretation of a violation of this agreement, then the union shall reduce such grievance to writing and shall file the same with the Fire Chief. The Chief shall respond to the grievance within ten (10) days. If the Chief's reply does not resolve the complaint, the union may then present said complaint to the City Manager of the City of Steubenville. If a resolution of the grievance cannot be reached, then, no later than twenty (20) days after the filing of the grievance, said grievance may be settled by Labor Management Committee or by arbitration. This time limit may only be extended by mutual agreement between the city and the union. This grievance procedure shall not deny any fire division employee any rights granted under Civil Service law.
ITEM 34. RULES AND REGULATIONS
 The union agrees that its members shall comply with all Fire Department rules and regulations, including those relating to conduct and work performance. The Employer agrees that departmental rules and regulations which affect working conditions and performances shall be subject to the labor management committee and to the grievance procedure.
ITEM 48. PREVIOUS BENEFITS
 Unless specifically modified or changed herein, all benefits, whether monetary or otherwise presently enjoyed by the parties to this agreement shall not be changed nor modified.
The city manager did not respond to the grievance, rather, he indicated his support of the decision of the Civil Service Commission. Similarly, the fire chief responded he does not "set the standards as to who is eligible to take promotional exams." Thereafter, individual union members filed grievances with the grievance committee. As the City indicated it would follow the modified eligibility requirements, on January 13, 2000, the Union filed a complaint with the court of common pleas requesting a temporary restraining order and permanent injunction in order to maintain the status quo with regard to promotional exam eligibility and ordering the parties to arbitration. On January 31, 2000, the trial court ruled for the union finding:
 "The dispute between the Firefighters Union and the City of Steubenville over promotional eligibility is subject to the parties' dispute resolution procedures as provided in their Collective Bargaining Agreement. Whether the eligibility requirements adopted by the Civil Service Commission violated either specific terms of the Collective Bargaining Agreement or established past practices are not matters to be decided by this Court but, rather, to be resolved under the parties' Collective Bargaining Agreement."
Appellant asserts the following assignment of errors, which will be addressed together as they express different aspects of the same question of law.
 "The trial court erred in ordering the temporary and permanent injunction due to the fact that appeals of decisions of a Civil Service Commission are governed by the Ohio Revised Code Chapter 2505."
 "The trial court erred in ruling that the Civil Service Commission's decision of December 13, 1999 concerning promotions is a subject of arbitration."
 "The court erred in ruling there was no adequate remedy of law."
R.C. Chapters 2505 and 2506 generally govern appeals from decisions made by various government authorities. R.C. 2506.01 provides:
 "[e]very final order, adjudication, or decision of any * * * commission * * * of any political subdivision of the state may be reviewed by the court of common pleas * * * as provided in Chapter 2505 of the Revised Code. * * * A `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person."
It would appear the Commission's decision to promulgate new promotion eligibility requirements qualifies as an appealable decision. However, where a collective bargaining agreement and either a state or local law are in conflict, R.C. 4117.10(A) resolves which will prevail:
 "An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure." Id.
R.C. 4117.10(A) provides for a two part analysis to apply when determining whether a collective bargaining agreement or a law governs in a particular instance. First, the court must determine whether the agreement covers "the wages, hours, and terms and conditions" of employment. If so, then the court must decide whether "the agreement provides for a final and binding arbitration of grievances."
In DeVennish v. City of Columbus (1991), 57 Ohio St.3d 163, the Ohio Supreme Court held promotions were related to the "wages, hours, and terms and conditions" of employment and could, therefore, be the subject of collective bargaining agreements. In DeVennish, a police officer was challenging the promotion eligibility requirements set by the Columbus Civil Service Commission. In the case sub judice, the proposed change to the terms of promotion and eligibility clearly falls under the "terms and conditions" of employment, and satisfies the first step of the R.C. 4117(A) analysis.
The second step in the analysis is to determine whether the collective bargaining agreement provides for final and binding arbitration of disputes. The key provision in the contract here is Item 33. The pertinent language reads, "If, at any time, there arises a dispute concerning the application and interpretation of a violation of this agreement then the union shall reduce such grievance to writing and "* * * said grievance may be settled by Labor Management Committee or byarbitration." The arbitrability step of R.C. 4117.10(A) analysis is met by the plain language of Item 33.
Ohio courts have shown a preference for the proposition that cases which are eligible for arbitration be resolved by arbitration. As there is a presumption of arbitrability, Council of Smaller Enterprises v.Gates, McDonald Co. (1998), 80 Ohio St.3d 661, every reasonable intendment will be indulged to give effect to arbitration proceedings.Lake Cty. Bd. Of Mental Retardation Dev. Disabilities v. ProfessionalAssn. for Teaching of Mentally Retarded (1994), 71 Ohio St.3d 15.
However, as a general rule, a party cannot be ordered to submit a claim to arbitration if that party has not agreed to arbitrate the dispute in writing. ACRS, Inc. v. Blue Cross Blue Shield of Minnesota (1998),131 Ohio App.3d 450, citing ATT Technologies, Inc. v. CommunicationsWorkers of Am. (1986), 475 U.S. 643, 648, 106 S.Ct. 1415, 1418. The issue of "whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract." ACRS, Inc. citing Divine. A court will enforce an arbitration clause unless it is firmly convinced that the clause is inapplicable to the underlying dispute or issue in question. ACRS, Inc. citing Sexton v. Kidder Peabody Co., Inc. (Mar. 7, 1996), Cuyahoga App. No. 69093, unreported citing Ervin v. Am. Funding Corp. (1993),89 Ohio App.3d 519, 625.
A collective bargaining agreement is a contract, and "[t]he overriding concern of any court when construing a contract is to ascertain and effectuate the intention of the parties." State ex rel. Kabert v. ShakerHts. City School Dist. Bd. of Edn. (1997), 78 Ohio St.3d 37, citingTRINOVA Corp. v. Pilkington Bros., P.L.C. (1994), 70 Ohio St.3d 271. The intent of parties to a written agreement can be found in the language they choose to employ. Chicago Title Ins. Co. v. Huntington Natl. Bank
(1999), 87 Ohio St.3d 270 . The interpretation of a contract is a matter of law if the language is clear and unambiguous. Nationwide Mut. FireIns. Co. v. Guman Brothers Farm (1995), 73 Ohio St.3d 107.
With regard to the standard of review applicable to this case, the construction of written contracts and instruments is a question of law which is reviewed de novo. Long Beach Assn., Inc. v. Jones (1998),82 Ohio St.3d 574. The clear language found in Item 33 provides the parties intended to resolve disputes regarding terms of the collective bargaining agreement via arbitration. The procedural posture of this matter before the trial court was not an appeal of the Civil Service Commission's decision pursuant to R.C. Chapter 2505. Rather, the trial court correctly concluded the dispute over the modified eligibility requirements was the subject of arbitration, as dictated by the requirements of R.C. 4117.10(A). Accordingly, the City's first and second assignments of error are meritless.
Turning to the City's third assignment of error, in order for a plaintiff to be granted injunctive relief, that party must show that the relief is necessary to protect a clear right from immediate and irreparable harm when any other remedy at law is inadequate. AgriGeneralCo. v. Lightner (1998), 127 Ohio App.3d 109, 115. The decision whether to grant or deny an injunction rests within the sound discretion of the trial court, Woods v. Oak Hill Community Med. Ctr., Inc. (1999),134 Ohio App.3d 261, 274 and will not be reversed absent an abuse of discretion. Facer v. Toledo (1998), 94 Ohio Misc.2d 1, 6. To find an abuse of discretion, the court of appeals must find the trial court committed more than an error of judgment, rather, that it acted unreasonably, arbitrarily or unconscionably. Remner v. Peshek (Sept. 30, 1999) Mahoning App. No. 97 CA 98, unreported. A reviewing court is not free to substitute its judgment for that of the trial court. Johnson v.Morris (1995), 108 Ohio App.3d 343, 351-52. However, the construction of written contracts and instruments is a question of law which are reviewedde novo. Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576.
The trial court limited its findings to resolving the narrow issue of whether the parties' dispute with regard to modification of the promotional eligibility requirements was subject to the trial court's jurisdiction for resolution, or was to be resolved via arbitration. As discussed above, a review of the collective bargaining agreement demonstrates the parties intended to arbitrate disputes such as that involved. The trial court did not abuse its discretion in finding there were grounds to support a temporary and permanent injunction. The City's final assignment of error is meritless.
For the preceding reasons, we find the City's assignments of error meritless. Accordingly, the decision of the trial court is affirmed.
VUKOVICH, P.J. and DONOFRIO, J., Concurs.