OPINION
{¶ 1} This appeal is brought by the City of Lima Civil Service Board from the judgment of the Court of Common Pleas, Allen County, granting a complaint for mandamus filed by appellee Scott Leland. For the reasons set forth in the opinion below, we reverse the order of the trial court.
 {¶ 2} The facts of this matter are not in dispute. In February 2000, the appellant-respondent City of Lima Civil Service Board (Board), posted a notice that it would be conducting an open and competitive promotional examination for the position of detective within the Lima Police Department. Appellee-relator, Scott Leland, followed the posted guidelines and signed up for the examination. On February 26, 2000, the Board administered the test to a large group of applicants including Leland. Leland not only passed the exam, but achieved a score that tied with one other applicant for the highest grade.
 {¶ 3} Subsequently, pursuant to the posted procedure, the Board added points for seniority based on each applicant's time in service with the Lima Police Department to the final test scores. This process resulted in Leland moving to second on the eligibility list. The first officer on the list was promoted to detective on April 1, 2000. One year later, on April 3, 2001, Leland wrote the Board a letter informing them that he believed his time in service had been improperly calculated. Specifically, Leland asserted that his nine years of service with the Ohio Department of Rehabilitation and Correction (ODRC) should have been included in the seniority calculation. The Board denied Leland's request for review as untimely.
 {¶ 4} October 9, 2001, Leland filed a petition for writ of mandamus in the Allen County Court of Common Pleas, asking the court to order the Board to review the seniority calculation and to add his service with the ODRC to the equation. The Board opposed the writ arguing that the review was untimely and that as defined by the terms of the collective bargaining agreement, to which Leland's terms of employment were subject, seniority did not include service with other political subdivisions.
 {¶ 5} On June 7, 2002, the trial court rejected the Board's argument and held that police promotions could not be collectively bargained and that the definition of seniority within the Ohio Civil Service Rules controlled. The trial court granted Leland's writ and ordered that he be retroactively promoted to detective as of April, 2001 with back wages. It is from this order that the Appellant now appeals.
 {¶ 6} Appellant raises the following assignments of error:
 {¶ 7} "I. The trial court erred in concluding the party's collective bargaining agreement did not apply in this circumstance
 {¶ 8} "II. The trial court erred in not dismissing the case based on laches and or estoppel."
 {¶ 9} In both assignments of error, appellant argues that appellee did not have lawful cause for issuance of a writ of mandamus. First, appellant points out that Scott Leland did not have a legal right to have his time with ODRC added to his seniority computation nor did the Board have a duty to add such time. Second, appellant argues that that Leland's petition was untimely and an attempt to circumvent the sixty-day time period in which applicants were permitted to file objections to their final scores. We find appellant's arguments to be well taken.
 {¶ 10} In order to be entitled to a writ of mandamus, the relator must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. State ex rel.Donaldson v. Alfred (1993), 66 Ohio St.3d 327, 329, 612 N.E.2d 717. Once a trial court determines that a relator has a right to seek mandamus, the trial court has the discretion to grant or deny the request. State exrel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914.
 {¶ 11} In the case sub judice, relator Leland maintains an action for mandamus based on an alleged right to have his nine years of service with ODRC added into his seniority in the Lima Police Department. Leland derives this right from Section 124.31(B) of the Ohio Civil Service Statute by way of State ex rel. McArthur v. DeSouza (1992),65 Ohio St.3d 25, 599 N.E.2d 268.
 {¶ 12} R.C. 124.31(B) states in pertinent part:
 {¶ 13} "* * * Credit for seniority shall equal, for the first fouryears of service, one per cent of the total grade attainable in the promotion examination, and, for each of the fifth through fourteenth yearsof service, six-tenths per cent of the total grade attainable." (Emphasis added.) R.C. 124.31(B).
 {¶ 14} In State ex rel. McArthur v. DeSouza (1992), supra, the Ohio Supreme Court interpreted "years of service," as stated in R.C.124.31, to include service earned with other political subdivisions. Id
at 29. In McArthur, much like the case at bar, a police officer sought to have his prior service with a county agency added to his departmental seniority for purposes of promotion. There, the court pointed out that the seniority determination was controlled by Section 16.05 of the Elyria Charter which stated that R.C. 124.31 governed the computation of seniority. Thereafter, the court applied a broad interpretation of "years of service" and ordered McArthur promoted.
 {¶ 15} Leland submits that McArthur controls the issue at bar and gives him a legal right to have his years with the ODRC added to his seniority. We disagree and find the McArthur decision to be factually distinguishable from the case at bar. Unlike the officer in McArthur, at all times relevant to this matter, Leland's terms of employment were subject to a collective bargaining agreement as negotiated by the Lima Police Department and the Fraternal Order of Police. Whereas inMcArthur, the terms of the Elyria City Charter controlled seniority and promotions, here, the Board's seniority computations for promotions are governed by the negotiated terms of a collective bargaining agreement. See R.C. 4177.10(A).
 {¶ 16} The Lima/FOP agreement defines "seniority" as follows:
 {¶ 17} "Section 9.1: Seniority means an employee's length of continuous service with the Employer since the employee's last date of hire. Departmental seniority shall mean an employee's length of continuous service with the Department."
 {¶ 18} Additionally, the agreement establishes promotion procedures as follows:
 {¶ 19} "Section 29.1 Promotions of bargaining unit employees above the rank of patrol officer will be filled from the certified list provided by the Civil Service Board with the appointing authority selecting from the top three candidates on the list. This provision shall supercede any provision within the Civil Service Board Rules and Regulation to the contrary."
 {¶ 20} Applying the definitions set forth above, the Board was not obligated, or even permitted, to incorporate Leland's prior ODRC service into his seniority computation. The trial court determined otherwise by concluding that matters pertaining to police officer promotions were not subject to collective bargaining pursuant to R.C. 4117.08(B). This is not a correct statement of Ohio law as recognized in DeVennish v. City ofColumbus (1991), 57 Ohio St.3d 163, 566 N.E.2d 668, in which the Ohio Supreme Court stated:
 {¶ 21} "We believe that R.C. 4117.08(B) is clear and unambiguous. R.C. 4117.08(B) prohibits collective bargaining over all matters concerning pre-hire examinations and the establishment of pre-hire eligibility lists, and does not prohibit bargaining over any matter concerning promotional examinations and the establishment of promotional eligibility lists. In other words, R.C. 4117.08(B) prohibits the parties to a collective bargaining agreement from bargaining over matters concerning the original, and not the promotional, appointment process. This conclusion is not only supported by the clear language of R.C.4117.08(B), but is also supported by a reading of R.C. 4117.08 in its entirety." Id at 165.
 {¶ 22} Insofar as the collective bargaining agreement, negotiated and signed by the City of Lima and the Fraternal Order of Police, defines seniority, Leland does not have a clear legal right to an alternative definition. Thus, an action for mandamus that essentially attempts to protest that which has been bargained, is inappropriate as a matter of law. Procedures were in place for Leland to protest his final score. He could have filed an objection within the sixty-day time fame established by the Board. Furthermore, as a member of the Fraternal Order of Police, Leland was or should have been aware of the negotiated definition of seniority. He could have refused employment with the City of Lima Police Department on these grounds. Alternatively, Leland could have petitioned his bargaining representative to bargain for a more comprehensive definition of seniority, and may still undertake to do so now. It is abundantly clear that Leland can not by mandamus effectuate a change in an otherwise lawful bargaining agreement.
 {¶ 23} In conclusion, we find that, appellant did not have a clear legal duty to apply Leland's former service with ODRC to his years of service with the Lima Police Department for a seniority determination. Thus, the trial court erred by issuing the writ. Therefore, we sustain appellant's first assignment of error and do not reach the merits of the second.
 {¶ 24} For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Allen County, be REVERSED
and REMANDED to that court for further action in accordance with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and HADLEY, J., concur.