Lanzinger, J.,
dissenting.
{¶ 30} I respectfully dissent and would deny the writ of mandamus because relator, Frank M. Tempesta, has not established either a clear legal right to appointment to the position of operations superintendent in the city of Warren’s Operations Department or the city’s clear duty to appoint him to that position. State ex rel. Carnail v. McCormick, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 7.
*469 {¶ 31} In failing to focus on the collective bargaining agreement that the city has entered into with Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO (“the union”), I believe the majority has gone astray. It is well settled that when a collective bargaining agreement contains language related to the wages, hours, and terms and conditions of employment that is sufficiently specific to explicitly demonstrate that the intent of the parties was to preempt statutory rights, the contract language controls over the language of the conflicting statute. E.g., State ex rel. Ohio Assn. of Pub. School Emps. /AFSCME, Local 4, AFL-CIO v. Batavia Local School Dist. Bd. of Edn. (2000), 89 Ohio St.3d 191, 729 N.E.2d 743, syllabus.
{¶ 32} R.C. 4117.10(A) provides: “ An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees.”
{¶ 33} Pursuant to R.C. 4117.08, matters affecting promotions are appropriate subjects of collective bargaining between a municipal corporation and an exclusive representative employee organization. See DeVennish v. Columbus (1991), 57 Ohio St.3d 163, 566 N.E.2d 668, paragraph two of the syllabus. Article 21 of the collective bargaining agreement between the city and the union addresses promotions: “The City agrees to post any job openings, on all Union bulletin boards, occurring within the bargaining unit for a period of ten (10) working days after the City determines there is a vacancy. The qualified senior bargaining unit member shall be promoted. If no qualified bargaining unit member bids, the Director of Public Service and Safety may fill the position at his/her discretion.” (Emphasis added.)
{¶ 34} The collective bargaining agreement in this case thus has made a “specification about a matter,” that is, about promotions. Article 21 explicitly controlled how vacancies within the bargaining unit, which includes the position of operations superintendent, were to be filled. If a bargaining unit member bid for a vacant position, that member was to be promoted. Tempesta was never a member of the bargaining unit. He had no legal right to be placed into a vacant position unit for which a qualified bargaining unit member had applied. Nevertheless, Tempesta asserts that the city was legally obligated to appoint him because of R.C. 124.327, which requires the reinstatement of classified employees laid off within the previous year before a promotion or new hire is made in the relevant classification series.
*470 Guarnieri & Secrest, P.L.L., and Michael D. Rossi, for relator.
Gregory V. Hicks, Warren Law Director, and James R. Ries, Deputy Law Director, for respondent.
{¶ 35} The position of operations superintendent became vacant upon David Mazzochi’s retirement on July 1, 2010. On June 10, the city posted a notice of the upcoming job opening and eventually appointed bargaining unit member Pat Calvey to the position, effective July 1, 2010. Tempesta argues that because on July 1 he was in layoff status with the city, he was entitled to be reinstated and appointed as operations superintendent pursuant to R.C. 124.327, because the position of operations superintendent was in the same classification series as his former position.
{¶ 36} His proposition of law rests on the statement that “[i]n order to negate statutory rights of public employees, a collective bargaining agreement must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights.” Ohio Assn. of Pub. School Emps., 89 Ohio St.3d 191, 729 N.E.2d 743, at syllabus. He argues that Article 21 of the collective bargaining agreement between the city and the union does not specifically negate the statutory rights of bargaining unit employees to reinstatement following layoff, much less the statutory rights of nonunion city employees like him.
{¶ 37} But the case on which he relies is distinguishable. In Ohio Assn, of Pub. School Emps., this court held that a school board did not have authority under a collective bargaining agreement to abolish bus driver positions and then transfer the obligation to provide transportation to a private company. Id. at 195. Under those circumstances, the drivers, members of the union, retained their statutory protections under R.C. 3319.081, the statute that governs contracts for nonteaching school-district employees. R.C. 124.327 was not at issue. Unlike Tempesta’s situation, the apparent conflict lay between the contractual and statutory rights of the members of the collective bargaining unit. Tempesta is not a member of the bargaining unit and the union itself has not filed any grievance under the collective bargaining agreement. In fact, here the union has filed a brief as amicus for the respondent city.
{¶ 38} I would hold that the city, in following its collective bargaining agreement, appropriately promoted Pat Calvey to the position of operations superintendent. Without establishing his own legal right to the appointment or a legal duty to appoint on the part of the city of Warren, relator, Frank Tempesta, has failed to show that he is entitled to a writ of mandamus.
O’Connor, C.J., and McGee Brown, J., concur in the foregoing opinion.
*471 Bethany E. Sanders, Associate General Counsel, urging denial of the writ for amicus curiae, Ohio Council 8, AFSCME, AFL-CIO.