OPINION
Plaintiffs, Christina M. Dixon and Debra J. Duncan, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant, Grange Mutual Casualty Company ("Grange").
The instant case arises out of an automobile accident which occurred on November 10, 1996. On that date, Dixon sustained serious physical injuries when the vehicle she was driving was struck by a vehicle driven by John Sanderell.
At the time of the accident, plaintiffs were covered by an automobile policy of insurance originally issued by Grange on February 14, 1994. The policy included a provision for underinsured motorists ("UIM") coverage with limits of $100,000 per person and $300,000 per occurrence and a provision offsetting the limits of liability by any monies recovered from the tortfeasor. After the original issuance of the policy, plaintiffs subsequently renewed the policy at six-month intervals beginning August 14, 1994. The most recent renewal prior to the accident occurred on August 14, 1996.
Sanderell was insured under an automobile policy of insurance through State Farm Mutual Insurance Company with bodily injury liability limits of $100,000 per person and $300,000 per occurrence. Plaintiffs recovered the $100,000 liability policy limit under Sanderell's policy. Because Dixon's damages exceeded the limits of Sanderell's policy, plaintiffs sought recovery under the UIM provision of the Grange policy. Grange denied coverage.
Plaintiffs originally brought an action solely against Sanderell, alleging that he was negligent in the operation of his automobile. Plaintiffs later amended their complaint to include Grange as an additional defendant for the purpose of collecting UIM benefits.
As of February 14, 1994, the date of the original issuance of the policy, Ohio law provided that "[a]n underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers." Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, paragraph three of the syllabus. The effect of Savoie was to allow individuals covered by a UIM policy to collect up to the full limits of the policy to the extent that their damages exceeded the amounts paid by the tortfeasor's insurer.
In response to the Ohio Supreme Court's decision inSavoie, the Ohio General Assembly, on October 20, 1994, enacted Am.Sub.S.B. 20 ("S.B. 20") which amended the uninsured/underinsured motorists statute, R.C. 3937.18. Under the amendment, an insured's UIM coverage is available only when the tortfeasor's policy limits are less than the limits of the insured's UIM coverage. R.C.3937.18(A)(2) provides, in relevant part, as follows:
 * * * Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The Policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
Subsequently, in Ross v. Farmers Ins. Group of Cos.
(1998), 82 Ohio St.3d 281, the Ohio Supreme Court held at the syllabus:
 For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties.
 Ross rejected the theory that an insured who had contracted for UIM coverage was required to exhaust all claims against the tortfeasor before a UIM cause of action against the insured's own carrier accrued. Instead, the court agreed with the proposition that when a contract for automobile liability insurance is entered into or renewed, the statutory law in effect at the time of contracting or renewal defines the scope of UIM coverage. Id. at 287. Further, the court concluded that the only instances in which S.B. 20 could be incorporated into an insurance policy without impairing the obligation of contract would be if a new contract of insurance had been entered into, or a renewal of the existing policy (representing a new contract of insurance) had occurred after the enactment of S.B. 20.
Ross did not address the distinction between the initial issuance of a policy and a subsequent renewal of the policy. However, Ross relied upon Benson v. Rosler (1985), 19 Ohio St.3d 41, a case which discussed to what extent a policy renewal represents a new contract of insurance. In Benson, the Ohio Supreme Court concluded that, notwithstanding the two-year guarantee of R.C. 3937.31(A),[1] policy renewals may be considered term policies rather than continuing policies, depending upon the specific language of the policy.
Since Ross was decided in July 1998, the issue of whether a policy renewal constitutes a new contract of insurance or continuation of an existing policy has been the subject of numerous appellate court decisions. See, e.g., Spence v.Westfield Natl. Ins. Co. (Sept. 2, 1998), Monroe App. No. 797, unreported; Wolfe v. Wolfe (Nov. 6, 1998), Montgomery App. No. 17111, unreported; Townsend v. State Farm Mut. Auto. Ins. Co.
(Aug. 14, 1998), Sandusky App. No. S-97-059, unreported; andHolcomb v. State Farm Ins. Co. (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported.
Relying on Ross and Benson, supra, Grange filed a motion for summary judgment in which it argued that the policy in effect at the time of the accident was a renewal policy that constituted a new and separate contract of insurance subject to the law in effect at the time of the renewal. Accordingly, Grange argued that under amended R.C. 3937.18(A) (the law in effect at the time the policy was renewed on August 14, 1996), plaintiffs were not entitled to UIM coverage because Sanderell's liability limits were identical to the $100,000 per person limit of plaintiffs' UIM coverage.
Citing Spence, supra, plaintiffs opposed Grange's motion, arguing that the law in effect prior to the enactment of S.B. 20, as enunciated in Savoie, governed their claim because plaintiffs initially entered into the insurance contract with Grange prior to the enactment of S.B. 20. Plaintiffs denied that any subsequent renewals of the original policy constituted new policies; rather, plaintiffs argued that the renewal policies constituted mere "continuations" of the original policy.
On June 17, 1999, the trial court filed a decision granting Grange's motion for summary judgment. The trial court relied upon Benson, Holcomb, and Wolfe for the proposition that policy language is determinative of the issue of whether a renewal qualifies as a new contract or constitutes a continuation of an existing policy. Finding the language of the Grange policy similar to that found in Benson, Holcomb, and Wolfe, the trial court found that "the renewed policy dated from August 14, 1996 to February 14, 1997 represents a new policy of insurance and is not a continuation of a prior policy." (Decision at 7.) Accordingly, the trial court found that application of R.C. 3937.18, as amended by S.B. 20, barred plaintiffs' claim. Although the trial court acknowledged both the fact that the Grange policy incorporated the two-year statutory guarantee period under R.C. 3937.31(A) and the finding by the Townsend court (that if renewal of a policy fell within the two-year statutory guarantee period, the renewal constituted a continuation of the original policy), the trial court declined to consider any R.C. 3937.31(A) argument "due to the fact that the renewal on August 14, 1996 was in excess of two years from the original issuance of February 14, 1994." (Decision at 7.) The trial court's decision was journalized by entry filed June 30, 1999. Plaintiffs appeal and raise a single assignment of error, as follows:
 The trial court errored [sic] in granting summary judgment in favor of Grange Mutual Casualty Company by determining that the policy of insurance at issue was a new policy and not merely a continuation of a prior policy.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Before summary judgment may be granted under Civ.R. 56(C), it must be determined that: "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears form the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to a party against whom the motion for summary judgment is made. * * *" State ex rel. Parsons v. Fleming
(1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. In this case, no genuine issue of material fact remains to be litigated. The sole issue on appeal is whether Grange is entitled to judgment as a matter of law.
Subsequent to oral argument in this case, the Ohio Supreme Court decided Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, wherein the court held in paragraphs one, two and three of the syllabus, as follows:
 1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39.
 2. The commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy.
 3. The guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage.
In addition to the aforementioned syllabus law, the court, in the body of the opinion, limited the holding of Benson
to the extent that it conflicted with R.C. 3937.31(A). The court stated:
 In Benson, a majority of this court held that "statutes pertaining to a policy of insurance and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." * * * A majority of the court in Benson went on to determine, notwithstanding the provisions of R.C. 3937.31(A), that the policies at issue therein, written for six-month durations, were considered new policies at their renewal. * * * Given the language of R.C. 3937.31(A), that determination in Benson is confusing at best and flat out wrong at its worst. * * *
 We now believe that in Benson the majority misconstrued R.C. 3937.31(A). The discussion of R.C. 3937.31(A) in the Benson court's per curiam opinion could be described as cursory at best. The Benson majority failed to consider the statute's proper application, as well as the public policy behind the enactment, to contracts of automobile liability insurance issued in this state. In effect the majority's final determination in Benson
renders the language of R.C. 3937.31(A) meaningless.
* * *
 Thus, we conclude that certain aspects of the court's decision in Benson are contradictory to the language and statutory purpose of R.C. 3937.31(A). We, therefore, limit the holding of Benson and reject those portions of the Benson opinion to the extent that they conflict with R.C. 3937.31(A). [Id. at 251-252.]
Applying the foregoing to the case at bar, we conclude that Grange was entitled to summary judgment as a matter of law, albeit for different reasons than those articulated by the trial court.[2] It is undisputed that plaintiffs' automobile liability insurance policy was originally issued in February 1994 and that the accident occurred in November 1996. Pursuant to the Supreme Court's holding in Wolfe, plaintiffs' original policy was in effect for a guaranteed two-year period. When the policy was renewed in February 1996, that renewal constituted a new contract for another guaranteed two-year period. Since the new contract was issued in February 1996, after the effective date of S.B. 20, the terms of coverage under the new policy were governed by the law pursuant to amended R.C. 3937.18. Application of that statute precludes plaintiffs from recovering any UIM benefits through their policy with Grange. Accordingly, plaintiffs' assignment of error is not well-taken.
For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 __________________ PETREE, J.
TYACK and KENNEDY, JJ., concur.
[1] R.C. 3937.31(A) provides, in pertinent part, that: "[e]very automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years."
[2] As noted previously, Wolfe, supra, was not decided until March 29, 2000 well after the trial court entered judgment in this case.