OPINION
On July 10, 1998, appellants, Patrick and Martha Quinn, purchased property in Mt. Vernon, Ohio from appellee, Barbara Fry. On July 20, 1998, the Clinton Water and Sewer District adopted a resolution of necessity for construction of sanitary sewer improvements which included the property purchased by appellants.
On June 8, 1999, appellants filed a complaint against appellee and her real estate agent and agency, Sam Miller and Re/Max Stars, and their own real estate agent and agency, Martha Denman and Real Estate Showcase, claiming all appellees had actual and/or constructive knowledge of the pending assessment and intentionally and purposefully failed to disclose such to appellants.
On October 20, 1999, appellees Denman and Real Estate Showcase filed a motion for summary judgment. Appellees Miller and Re/Max filed a motion for summary judgment on October 25, 1999. Appellee Fry filed one on January 14, 2000. By judgment entry filed March 29, 2000, the trial court granted all three motions and dismissed appellants' claims.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS-APPELLEES, AS GENUINE ISSUES OF MATERIAL FACT EXIST.
 I
Appellants claim the trial court erred in granting summary judgment in favor of all appellees. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Specifically, appellants claim there exists genuine issues of material fact as to appellees' actual and/or constructive knowledge of the impending sanitary sewer improvements and assessments. The undisputed facts are as follows:
 December 22, 1997: Appellee Fry lists a rental property (1717 Old Delaware Road) with appellees Miller and Re/Max. No notation of the Clinton Township Sanitary Sewer Project was listed on the forms.
 May 28, 1998: Purchase agreement is executed between appellee Fry and appellants.
July 10, 1998: Parties close on property.
 July 29, 1998: Resolution of Necessity was passed for Phase II of the Clinton Township Sanitary Sewer Project which included the subject property.
 APPELLEES DENMAN AND REAL ESTATE SHOWCASE
Appellees Denman and Real Estate Showcase were appellants' real estate agent and agency. Appellants claim these appellees had actual knowledge of the impending sanitary sewer improvements. In support, appellants point to a 1996 listing of a different property wherein appellee Denman indicated on the Residential Property Disclosure Form that "old septic tank will need to be pumped and filled with sand" and a handwritten note in this file that stated "Clinton Twp Sewer 19,500??" See, Exhibit A attached to Appellants' Memorandum in Opposition. The 1996 listing involved "Phase I" of the Clinton Township Sanitary Sewer Project not "Phase II" as is involved sub judice. Denman depo. at 16-17. Appellants argue the previous knowledge of Phase I leads to appellees constructive knowledge of Phase II. Contra to this hypothesis is the affidavit of appellee Denman wherein she states she had no knowledge that the Resolution of Necessity was going to be passed, no knowledge of the mandatory assessment fee and had never received any written notice of any proposed sewer improvements. See, Defendant's Exhibit B attached to October 21, 1999 Motion for summary Judgment. It is obvious from appellee Denman's deposition that she was unaware of any sewer assessment until appellants called to complain. Denman depo. at T. at 23, 31. Further, the assessment was not of public record until after the closing. Id. at 25.
Although appellants argue appellee Denman should have known through her long time residence in Mt. Vernon, reading the newspaper and membership in the Chamber of Commerce, it is clear she had no actual knowledge. Further, to make a leap of faith based upon facts from the 1996 prior sale to the sale sub judice is unwarranted. We find the trial court did not err in finding no actual and/or constructive knowledge as to appellees Denman and Real Estate Showcase.
 APPELLEE FRY
Appellee Fry was the seller of the subject property. It was not her personal residence but a rental property. It is undisputed she first learned of the sanitary sewer assessment when she received certified letters dated July 21, 1998 informing her of such. Fry depo. at 8. This was after the sale and closing on the property. Id. at 36-37. Prior to the letters being sent, appellee Fry only had knowledge of Phase I being installed in another area "down the road and over a ways." Id. at 10.
Appellants argue appellee Fry should have known about the assessment because a newsletter called the "Clinton Connection" informed residents of the sanitary sewer project's progress. Appellant argues two issues of the Clinton Connection were mailed to appellee Fry's residence, one on November 24, 1997 and the other on January 17, 1998. See, Allen aff. attached to Appellants' Memorandum in Opposition as Exhibit C. Appellee Fry denies receiving these issues. Fry depo. at 11-13. Appellants attempt to bootstrap appellee Fry's receiving of the Clinton Connection after July 1997 to actual and/or constructive knowledge. Assuming the newsletters were mailed and received, it is undisputed they were not read. Appellee Fry's denial of any knowledge of the assessment is basically unchallenged. We find the trial court did not err in finding no actual and/or constructive knowledge as to appellee Fry.
 APPELLEES MILLER AND RE/MAX
Appellees Miller and Re/Max were appellee Fry's listing agent and broker. Appellants argue appellee Miller had previously listed a property in Phase I across the street from the subject property with a notation "City water will be available." Miller depo. at 17. Appellants also point to appellee Miller's long term residency and real estate selling in Mt. Vernon. Appellee Miller claimed he had no knowledge of the sanitary sewer project until after the sale and closing. Miller depo. at 9, 31-32. Appellee Miller acknowledged that knowledge of a potential sewer assessment should be disclosed. Id. at 25-26. Appellee Miller generally obtains all his information on properties from auditor's cards, tax cards and deeds. Id. at 28.
Charles Phillips, broker for appellee Re/Max, admitted the Clinton Township Sanitary Sewer Project was something that had been brewing in the county for years, but was not an issue until it happened. Phillips depo. at 11. Mr. Phillips had sold a property in Phase I of the project wherein the assessment had not been disclosed. Id. at 15-16. Mr. Phillips specifically denied any prior knowledge. Id. Mr. Phillips stated assessments need to be disclosed when they are "current" or "when it becomes something of material fact." Id. at 17.
Appellant again argues that it is proper to make a leap of faith from knowledge about Phase I to constructive knowledge about Phase II. Apart from innuendo, no genuine facts have been raised to contradict the testimony that Phase II was unknown to appellees Miller and Re/Max at the time of the listing and subsequent sale. We find the trial court did not err in finding no actual and/or constructive knowledge as to appellees Miller and Re/Max.
Upon review, we find the trial court did not err in granting summary judgment to all appellees.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.
Farmer, J.
Hoffman, PJ and Biggins, J. concur.