OFFICE OF DISCIPLINARY COUNSEL *v.* MANOGG.

[Cite as *Disciplinary Counsel v. Manogg* (1996), 74 Ohio St.3d 213.]

(No. 94–2669—Submitted September 13, 1995—Decided January 10, 1996.)

214

216

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator.

*Philip M. Manogg, pro se.*

---

*Per Curiam.* In his objections to the board's report, respondent first argues a denial of due process because he was not permitted to dispute the factual and legal findings of Judges Rogers and Walker. Respondent also complains that he was permitted only an hour or so to show that his disqualification and sanction did not rise to the level of professional misconduct. We reject these arguments because respondent cites no authority to suggest that an unfettered opportunity to collaterally attack final court orders is constitutionally required in disciplinary proceedings.

Respondent also takes issue with many of the board's findings of fact pertaining to the allegations of his misconduct in court; however, these infractions are hardly our main concern. We are most troubled, as was the panel and board, by respondent's propensity to scheme and deceive without any moral appreciation for the lies he tells or the fraud he perpetrates. Indeed, we find respondent's testimony and conduct as manifested in this record so duplicitous that we cannot credit even the representations he offers to support his objections. His objections are, therefore, overruled.

Upon review of the record, we concur in the board's findings that respondent violated DR 1–102(A)(3), (4), (5), and (6) as alleged in Counts I and II of the complaint. We also fully agree that the final orders issued by Judges Rogers and Walker, together with the testimony of both judges, provided ample credible evidence that respondent violated DR 5–101(B), 5–103(A), and 7–102(A)(1). Finally, we concur that respondent's misconduct warrants the sanction of perma-

nent disbarment. Respondent is, therefore, ordered permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.