OPINION
On March 1, 2001, appellee, First Merit Bank, filed a complaint in foreclosure against their mortgagor, Kay Ellen Hammond, her unknown spouse, the second mortgage holder, Standard Register Federal Credit Union, and the Treasurer of Licking County, Ohio. On March 27, 2001, appellant, Philip Manogg, filed an "answer" as successor in fee title to Ms. Hammond. Appellant had purchased the property from Ms. Hammond after the foreclosure had been filed.
On April 18, 2001, appellee filed a motion for summary judgment. An agreed order was filed on May 9, 2001 wherein appellant was made a party to the action. By judgment entry filed June 1, 2001, the trial court granted appellee's motion and granted the foreclosure.
On July 10, 2001, appellant filed a motion to vacate entry. By judgment entry filed August 13, 2001, the trial court stated it was without jurisdiction to rule since appellant had filed a notice of appeal on July 11, 2001.
This matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED WHEN IT RULED PHILIP M. MANOGG HAD NO INTEREST IN SUBJECT PREMISES.
 III. THE TRIAL COURT ERRED IN RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT DISCLOSING TO ALL PARTIES, ESPECIALLY MANOGG THAT PLAINTIFF HAD EX PARTE COMMUNICATIONS WITH THE COURT.
 IV. THE TRIAL COURT ERRED IN RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT FIRST REQUIRING PLAINTIFF TO FURNISH COPIES OF UNREPORTED CASES.
 I, II, IV
These assignments of error challenge the trial court's granting of summary judgment to appellee. Appellant claims error in granting the summary judgment, in finding he had no interest in the premises and in not requiring appellee to furnish copies of unreported cases. We agree in part.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Procedurally, appellant complains the trial court erred in accepting appellee's amended affidavits after the hearing date of May 30, 2001 had passed without giving appellant an opportunity to respond.
On May 7, 2001, appellant filed a memorandum contra to the motion for summary judgment. On May 25, 2001, the trial court granted appellee leave to respond to this memorandum. On May 29, 2001, appellant filed another memorandum contra to the motion for summary judgment. On June 1, 2001, the trial court granted appellee leave to file its response instanter. On same date, appellee so filed and included affidavits.
In his May 29, 2001 memorandum contra, appellant argued the averments in the affidavit of Deborah Mack, appellee's attorney, were in error, and the mortgage was never assigned to appellee. In an attached affidavit, appellant states the following:
 On May 25, 2001 he called the `home' office of plaintiff at (419)683-3737 and was advised that Deborah Mack was not nor had she ever been an employee of plaintiff.
 He also called the other branches of plaintiff at (419)468-6868, (419)756-1890 and (330)479-2274 and was advised each time that Deborah Mack did not and never did or was an employee of plaintiff.
 He has been engaged in the business of title real estate titles for more than 20 years. He searched the records and the Licking County Recorder's Office and found nothing to indicate that the mortgage which is the subject matter of this action was ever assigned to plaintiff.
On June 1, 2001, Ms. Mack filed an amended affidavit acknowledging the error in her affidavit that she was an employee of appellee. An affidavit of Steven Rogacs was filed as an employer of appellee averring to the mortgage, note and default. The facts of the Rogacs affidavit correspond to the facts alleged in the March 1, 2001 complaint. Appellant's answer did not challenge the default, but merely asserted his interest as a successor in title. Ms. Hammond did not answer, but signed appellant's answer "for the sole purpose of protecting any rights she may still have in the subject premises."[1]
We find procedurally appellee was permitted to file the amended affidavit and no additional genuine issues of material fact were averred to in the amended and supplemental affidavits. The trial court did not err in granting judgment on the mortgage and note because there was never raised in the pleadings a denial of the default or appellee's status. The quit claim deed conveyed the entire interest of the mortgagor in the premises. Any defenses of the mortgagor related to the mortgage would have been acquired by appellant. Appellant took title subject to the mortgage but had the right as the then owner to contest the alleged default of his predecessor in title. Appellant did not adequately do this.
Appellant claims the trial court relied on unreported opinions that he had no knowledge the trial court had knowledge of. The trial court's judgment entry of June 1, 2001 does not recite any unreported opinions. We find this claim to be unsubstantiated in the record.
Lastly, appellant complains of the declaration in the trial court's June 1, 2001 judgment entry as to his interest in the premises wherein the trial court stated "IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED
that that (sic) Philip M (sic) Manogg has no interest in the subject premises."
At oral argument, appellee conceded to the deletion of this finding and we concur the language was premature given the issues raised by the summary judgment motion.
Assignments of Error I and IV are denied. Assignment of Error II is granted.
 III
Appellant claims appellee's trial counsel had an ex parte discussion with the trial court. As a result, appellant argues the trial court should not have ruled on the motion for summary judgment. We disagree.
In appellant's affidavit filed July 10, 2001, he claims there was a letter to Judge Spahr dated May 8, 2001 and same was an ex parte
communication. Appellant was not made a party to the litigation until May 9, 2001 therefore, there was no ex parte communication.
The communication was a copy of appellant's disciplinary case as he was an attorney before he was permanently disbarred. This was in fact a matter of public record as it was a reported opinion. See, Office ofDisciplinary Counsel v. Manogg (1996), 74 Ohio St.3d 213. Further, in order to protect this issue, appellant should have first requested the trial court to recuse itself or filed an affidavit of prejudice with the Supreme Court of Ohio. Because appellant failed to properly preserve the error, he cannot now challenge this issue. See, Lefort v. Century 21Maitland Realty Co. (1987), 32 Ohio St.3d 121.
Assignment of Error III is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part.
Costs to appellant.
Hon. Sheila G. Farmer, P.J. Hon. John W. Wise, J. concur. Hon. John F. Boggins, J. concurs separately.
[1] Appellant's answer was filed when he was not a party to the litigation. Also, he did not seek leave to intervene before filing the answer.