OPINION
 STATEMENT OF THE FACTS AND CASE
This is an appeal from a trial court decision denying Appellant's Motion for Summary judgment and holding that Appellant was not entitled to UM/UIM coverage under Appellant's wife's employer's liability insurance policy issued by Appellee.
The undisputed facts are as follows:
The collision from which this case arises occurred on October 26, 1999. Appellant, Larry Mayfield, was a passenger in an automobile driven by his wife, Elizabeth Mayfield, which was involved in a single car accident in North Canton, Ohio.
As a result of said accident, Appellant sustained serious injuries.
At the time of the accident, Mrs. Mayfield was an employee of Gabrielle Brothers department store. Mrs. Mayfield was not acting within the scope of employment at the time of the accident.
The Mayfields were residents of the State of Ohio.
Gabrielle Brothers is a West Virginia Corporation, with its principal place of business in Morgantown, West Virginia.
Appellant exhausted the $50,000.00 liability limits of his wife's personal automobile policy, with the consent of Appellee, Federal Insurance Company (improperly identified as Chubb Insurance Company).
Appellant then sought underinsured motorist coverage from Federal Insurance Company which was the liability carrier for Gabrielle Brothers, his wife's employer.
Appellee denied coverage, and Appellant filed a declaratory judgment action in the Stark County Common Pleas Court.
Appellee, Federal Insurance Company filed a Motion for Summary Judgment with Appellant responding with his own motion for summary judgment on the issues of coverage and bad faith.
The trial court overruled Appellant's motion for summary judgment and granted Appellee's motion, denying UM/UIM coverage to Appellant.
Appellant appeals said decision, assigning the following assignments of error:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN ITS RULING THAT OHIO LAW DID NOT APPLY.
 II. THE TRIAL COURT ERRED IN ITS RULING THAT PLAINTIFF WOULD NOT BE ENTITLED TO UNINSURED/UNDERINSURED MOTORIST BENEFITS UNDER WEST VIRGINIA LAW.
 III. THE TRIAL COURT ERRED IN FAILING TO RULE THAT THE DEFENDANT HAD ACTED IN BAD FAITH IN DENYING COVERAGE TO THE PLAINTIFF.
 SUMMARY JUDGMENT MOTIONS
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio inState ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35
 I.
Appellant argues that the trial court erred in finding that Ohio Law did not apply in the present case. We disagree.
Appellant asks this court to hold that when an insured under an automobile insurance policy issued in another state is injured in an automobile accident in Ohio, coverage under the uninsured/underinsured motorist provisions of the policy is determined by the law of the state in which the injury occurred. For the following reasons, we decline to adopt this proposition.
In the case sub judice, Appellant has recovered the limits of the tortfeasor's liability policy, in this case his wife's personal automobile policy. Having so done, the substantive question of damages recoverable form the tortfeasor is no longer an issue. The declaratory judgment action for UM/UIM coverage therefore is an action sounding in contract and not tort.
In Ohayon v. Safeco Ins. Co. of Illinois (2001), 91 Ohio St.3d 474, the Ohio Supreme Court held:
 1. An action by an insured against his or her insurance carrier for payment of underinsured motorist benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions. Landis v. Grange Mut. Ins. Co. [1998], 82 Ohio St.3d 339, 341, 695 N.E.2d 1140, 1141, followed.) Id. at paragraph one of the syllabus.
 2. Questions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). (1 Restatement of the Law 2d, Conflict of Laws [1971], Section 205, applied. Id. at paragraph two of the syllabus.
The Ohio Supreme Court then stated that absent an express choice of law provision, the court should consider the factors set forth in Restatement (Second) of Conflict of Laws, Section 188, the contract choice of law factors, to make a determination with respect to which state's law applies. The court should determine which state has "the most significant relationship to the transaction and the parties." Id. at 477. To assist in this determination, the court should consider "the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id.
The court further found that coverage issues, like other contract issues, should be determined "`by the local law of the state which the parties understood was to be the principal location of the insured riskduring the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties.'" (Emphasis sic.) Id., at 479, quoting Restatement of Conflicts, Section 193 at 610. "`[I]n the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question.'" Ohayon, supra, at 479-480 quoting Restatement of Conflicts at 611, Comment b.
Here, the application of the Restatement factors supports the application of West Virginia law. The contract was entered into between Federal Insurance Company and Gabrielle Brothers, a West Virginia corporation with its principal place of business in Morgantown, West Virginia. The policy was negotiated, made and issued and delivered in West Virginia through an agent of Federal whose office was located in Morgantown, West Virginia. Based on the Schedule of Covered Autos You Own section of the policy, all but two of the thirty-one listed vehicles were garaged in Morgantown, West Virginia, with the remaining two garaged in Pennsylvania and were insured under a Pennsylvania endorsement. There is no evidence that appellee ever contemplated that any vehicle would be garaged in Ohio. Accordingly, West Virginia law should apply to the determination of UIM benefits.
We find Appellant's first Assignment of Error not well-taken and overrule same.
 II.
Appellant argues that the trial erred in finding that under West Virginia law, he is not entitled to UM/UIM benefits. We disagree.
The language contained in the insurance policy sub judice, contains language identical to that in the case of Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660. The named insured is Gabrielle Brothers, Inc. The uninsured motorist coverage page defines "Who Is An Insured" as follows:
1. You
2. If you are an individual, any family member.
 3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of bodily injured sustained by another insured.
In Scott-Pontzer, supra, the Ohio Supreme Court found a corporation's employees to be insureds and therefore entitled to underinsured motorist coverage under a commercial automobile liability policy which designated the corporation as the named insured and which defined "insured" to include "you" and "[i]f you are an individual, any family member."Scott-Pontzer at 665. The Court concluded that it would be meaningless to limit protection solely to a corporate entity which cannot occupy or operate a motor vehicle or suffer bodily injury or death. Id. at 664.
However, the West Virginia Supreme Court, while having never addressed the identical issues presented in Scott-Pontzer, has on at least two occasions refused to hold that the word "you", in reference to a corporation or governmental entity, included employees as insureds. SeeAdkins v. Meador (W.Va. 1997), 494 S.E.2d 915 and Trent v. Cook (W.Va. 1996), 482 S.E.2d 218.
In Adkins, the West Virginia Supreme Court held that an employee of Champagne-Webber, who was injured on the job, was not entitled to UM/UIM coverage, stating:
 Mr. Adkins is not a "you" under the policy because he is not Champagne-Webber; is not a family member of Champagne-Webber, . . .
Similarly, in Trent, the West Virginia. Supreme Court held that a governmental employee was not an insured entitled to UM/UIM coverage because "Appellee clearly was not an insured under the express policy terms. . .". West Virginia has not adopted the holding ofScott-Pontzer. Thus, under West Virginia law, appellant is not entitled to UIM benefits
Furthermore, under West Virginia law the employee must occupy the employer's vehicle at the time of the accident to be entitled to recover UIM benefits. Younger v. Reliance Ins. Co. (Tenn.App. 1993),884 S.W.2d 453.
We also agree with Appellee that R.C. § 3937.18 would not apply to the instant policy regardless. The plain language of R.C. §3937.18(A) requires the insurer to offer underinsured coverage at the time of contracting. Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27, 29. Before this mandatory offering law applies, the car to be covered must be registered or principally garaged in Ohio when the policy is being delivered or issued. Gabrielle Brothers did not have any covered autos principally garaged in Ohio.
Appellant's Second Assignment of Error is denied.
 III.
Appellant argues that the trial court erred in not finding that the Appellee acted in bad faith when it denied coverage to Appellant.
Appellee argues that the trial court never considered the issue of bad faith and that the issue is premature for review.
It appears from the trial court's entry, wherein it stated "[i]n light of the foregoing, the motion for summary judgment of the Defendant, Federal Insurance Company is herein GRANTED in all respects. The Plaintiff's motion for summary judgment is herein OVERRULED", that the court did consider and rule upon the issue of bad faith, granting us jurisdiction to review same.
Regardless, based upon our disposition of Assignments of Error One and Two, we find this assignment to be moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.
By Boggins, J., Hoffman, P.J. and Wise, J. concur.