OPINION
On January 14, 2001, Bethany Still, a minor, was a passenger in a vehicle being driven by Randy Massey, which was involved in a collision with another vehicle that failed to stop at a stop sign.
At the time of the accident, Bethany Still's father was employed by Canton Floors, Inc.
Appellants, Bethany Still and her parents, sought uninsured/underinsured motorist coverage from Appellee, Indiana Insurance Company, pursuant to two policies of insurance issued by Appellee to Canton Floors, Inc.: a business automobile policy with limits of $1,000,000.00 per occurrence and an umbrella liability policy with limits of $2,000,000.00 per occurrence.
On April 19, 2001, Appellants filed a complaint against, among others, Appellee alleging entitlement to UM/UIM coverage under said policies.
On August 9, 2001, Appellee filed a motion for summary judgment seeking a declaration that no coverage was available under said policies.
On August 10, 2001, Appellants filed a cross-motion for summary judgment seeking a declaration that they were entitled to coverage under said policies.
On September 21, 2001, the trial court found that Appellants were entitled to coverage under said polices but that said coverage was limited to $100,000.00 based on reduction and rejection forms signed in connection with these policies.
Appellant filed an appeal and Appellee filed a cross-appeal of the trial court's decision, assigning the following errors:
ASSIGNMENTS OF ERROR
 Appellant's Assignments of Error
 I. THE TRIAL COURT ERRED IN FINDING THAT THE LIMITS OF LIABILITY FOR UNINSURED/UNDERINSURED MOTORIST COVERAGE WAS REDUCED TO $100,000 UNDER THE COMMERCIAL AUTOMOBILE LIABILITY POLICY ISSUED BY DEFENDANT-APPELLEE/CROSS-APPELLANT INDIANA INSURANCE COMPANY TO CANTON FLOORS, INC.
 II. THE TRIAL COURT ERRED IN FINDING THAT UNINSURED AND UNDERINSURED MOTORIST COVERAGE WAS ELIMINATED UNDER THE COMMERCIAL UMBRELLA POLICY ISSUED BY DEFENDANT-APPELLEE/CROSS-APPELLANT INDIANA INSURANCE COMPANY TO CANTON FLOORS, INC.
 Cross-Appellant's Assignment of Error
 THE TRIAL COURT ERRED IN FINDING THAT THE STILLS ARE INSURED UNDER THE INDIANA COMMERCIAL AUTO POLICY DESPITE THE EXISTENCE OF THE "DRIVE OTHER CAR COVERAGE" ENDORSEMENT IN THE POLICY.
 STANDARD OF REVIEW
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35
 I., II.
Because Appellant's first and second assignments of error are interrelated, we shall address said assignments of error together
Appellants claim the trial court erred in granting summary judgment to appellees with regard to the limits of liability coverage under the automobile policy and umberlla policy. Specifically, appellants claim the trial court erred in finding that the uninsured/underinsured motorists coverage rejection and reduction forms of the insurance policy satisfied the requirements of R.C. § 3937.18. We agree.
The version of R.C. § 3937.18 that is controlling in this matter is that enacted by Am.Sub.H.B. No. 261, effective September 3, 1997. The relevant version of R.C. § 3937.18, Ohio's uninsured/underinsured motorist statute, provides for the mandatory offering of uninsured/underinsured motorist coverage in an amount equal to the amount of liability insurance provided. Such statute further states, in pertinent part, as follows
 (C) A named insured or applicant may reject or accept both coverages as offered under division (A) of this section, or may alternatively select both such coverages in accordance with a schedule of limits approved by the superintendent. The schedule of limits approved by the superintendent may permit a named insured or applicant to select uninsured and underinsured motorists coverages with limits on such coverages that are less than the limit of liability coverage provided by the automobile liability or motor vehicle liability policy of insurance under which the coverages are provided, but the limits shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. A named insured's or applicant's rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be in writing and shall be signed by the named insured or applicant. A named insured's or applicant's written, signed rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with division (A) of this section, and shall be binding on all other named insureds, insureds, or applicants.
In our recent decision in Pillo v. Stricklin, (December 31, 2001), Stark App. No. 2001CA00204, unreported, we held that the 1997 Amendments to R.C. § 3937.18 did not eliminate the requirements set forth by the Ohio Supreme Court in Linko v. Indemn. Ins. Co. of N. Am. (2001),90 Ohio St.3d 445, and that there were no provisions in H.B. 261 which clarified or modified what the contents of a written offer must be.
The Ohio Supreme Court, in Linko, supra, addressed the issue of what language needed to be included in an uninsured/underinsured motorist coverage rejection form to satisfy the offer requirement of R.C. §3937.18(C). The Court, in Linko, held that in order to satisfy the offer requirement, the insurer must:
 (1) inform the insured of the availability of uninsured/underinsured motorist coverage;
(2) set forth the premium for the coverage;
(3) include a brief description of the coverage; and,
 (4) expressly state the uninsured/underinsured coverage limits in its offer.
Id. at 447-448.
In so holding, the Ohio Supreme Court relied on Gyori v. JohnstonCoca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, in which the court held that there can be no rejection pursuant to R.C. §3937.18(C) unless there was a written offer of uninsured motorist coverage from the insurer. The Supreme Court, in discussing Gyori, stated as follows:
 Gyori stands for the proposition that we cannot know whether an insured has made an express, knowing rejection of UIM coverage unless there is a written offer and written rejection. It only follows that a valid rejection requires a meaningful offer, i.e., an offer that is an offer in substance and not just in name.
Id. at 449.
In the case sub judice, the reduction and rejection forms do not meet the Linko requirements in that such forms failed to include the premium for the coverage, a description of the coverage or the limit of available coverage.
As the rejection and reduction forms in this case were invalid, we therefore find that that UM/UIM coverage arises by operation of law in an amount equal to the amount of liability insurance provided in said policies, that being $1,000,000.00 under the automobile policy and $2,000,000.00 under the umbrella policy.
Appellant's first and second Assignments of Error are sustained.
Cross-Appellant's Assignment of Error
Cross-Appellant Indiana Insurance company argues that the trial court erred in finding that Cross-Appellee's were insureds under the automobile policy of insurance because same contained a "Drive Other Car Coverage" endorsement. We disagree.
Cross-Appellant argues that the rationale contained in Scott-Pontzerv. Liberty Mutual Fire Insurance Company (1999), 85 Ohio St.3d 660 with regard to the ambiguity created by naming the corporation as the insured in the automobile policy, is inapplicable in the case sub judice because said policy contained an endorsement which identified two individuals as insureds in addition to the corporation.
Upon reviewing the automobile policy in the instant case, we fail to find that the endorsement to the policy including these two individuals distinguishes this case from Scott-Pontzer, supra, in that the ambiguity still exists, i.e. the policy still list the corporation as the names insured, thereby extending coverage to the corporation's employees. (SeeRimel v. Chubb Group of Ins. Cos. (Oct. 31, 2000), Stark C.P. No. 1999CV02413, unreported; Burkhart v. CNA Insurance (July 31, 2001), Stark C.P. No. 2001CV00470, unreported; Geslak v. Motorists Mutual Insurance
(April 25, 2001), Franklin C.P. No. 00CVC01-387, unreported; Miller v.The Hartford (June 14, 2001) Lake C.P. No. 00CV001234, unreported; Kassonv. Goodman (Sept. 25, 2001), Lucas C.P. No. C100-1682, unreported.)
It is well-settled law that contracts of insurance must be liberally construed in favor of the insured and strictly against the insurer. Kingv. Nationwide (1988), 35 Ohio St.3d 208.
Based on the foregoing, we find Cross-Appellant's sole assignment of error not well-taken and hereby overrule same.
The decision of the trial court is affirmed in part and reversed in part and remanded for proceeding in accordance with this decision.
By BOGGINS, J. GWIN, J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part, reversed in part and remanded. Costs to Defendant-Appellee/Cross-Appellant.