OPINION JUDGMENT ENTRY
{¶ 1} On May 15, 2001, appellants, Charles and Carolyn Koontz, entered into a contract with appellee, Marks and Taylor Realty, to list appellants' commercial property, Pleasant Days Inn. On May 14, 2002, a purchase agreement was executed between appellants and Rick and Suzanne Wilson wherein the Wilsons agreed to purchase the property for $215,000.00. The Wilsons executed an escrow agreement and placed $21,000.00 in escrow. Thereafter, the Wilsons decided not to purchase the property, and forfeited any claim to the escrow account.
 {¶ 2} On November 25, 2002, appellee filed a complaint against appellants alleging breach of contract. Appellee claimed it was entitled to $12,900.00 of the escrow funds which represented six percent of the purchase price. Appellants claimed they owed appellee $1,260.00, six percent of the escrow amount.
 {¶ 3} Both sides filed motions for summary judgment. A hearing was held on May 16, 2003. By judgment entry filed June 2, 2003, the trial court found in favor of appellee in the amount of $12,900.00 plus interest.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court abused its discretion and committed reversible error when it granted plaintiff's motion for summary judgment."
 II {¶ 6} "The trial court abused its discretion and committed reversible error when it failed to grant defendant's motion for summary judgment."
 I, II {¶ 7} Appellants claim the trial court erred in granting summary judgment to appellee. We agree in part.
 {¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 9} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 11} In its judgment entry of June 2, 2003, the trial court found appellee was entitled to $12,900, stating the following:
 {¶ 12} "The written terms of the listing agreement and the escrow agreement are clear and unambiguous. The obvious intent of the parties, particularly paragraph 2 of the escrow agreement, is that plaintiffs were to be paid their 6% commission even if the Wilsons were to withdraw from the deal to buy the property. The language of paragraph 2 cannot be interpreted any other way."
 {¶ 13} Paragraph 2 of the escrow agreement states, "Purchasers shall forfeit the $21,000.00 held in escrow if they voluntarily decide not to proceed with the purchase of the Pleasant Days Inn and the six percent (6%) real estate commission shall be paid to Marks Taylor, Realtors."
 {¶ 14} We concur with the trial court's analysis that the language of the escrow agreement is clear and unambiguous, and courts should not rewrite or interpret contracts beyond the plain meaning of the words therein. Enviresponse v. Franklin Cty.Convention Facilities Auth. (1997), 78 Ohio St.3d 353;Alexander v. Buckeye Pipe Line Company (1978),53 Ohio St.2d 241.
 {¶ 15} The escrow agreement references only the escrow amount of $21,000.00, not the entire purchase price. When reading the escrow agreement in pari materia, we find the "six percent (6%) real estate commission" can only refer to the $21,000.00 escrow amount, not the unlisted purchase amount.
 {¶ 16} Upon review, we find the plain meaning of the escrow agreement to be upon forfeiture, appellee is entitled to six percent of $21,000, not the purchase price. Accordingly, appellee is entitled to $1,260.
 {¶ 17} Assignments of Error I and II are granted in part.
 {¶ 18} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed in part and reversed in part and judgment is entered for appellee in the amount of $1,260.
Wise and Boggins, JJ. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed in part and reversed in part and judgment is entered for appellee in the amount of $1,260.00. Costs to appellee.