[Cite as *Fort Saginaw Plaza, Inc. v. Shin*, 2013-Ohio-429.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FORT SAGINAW PLAZA, INC., | ) | CASE NO.    12 MA 59 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| HYON KIL SHIN, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:         Civil Appeal from Common Pleas Court,
                                  Case No. 09CV3515.

JUDGMENT:                         Affirmed.

APPEARANCES:
For Plaintiff-Appellant:          Attorney Leonard Hall
                                  2445 Belmont Avenue
                                  P.O. Box 2186
                                  Youngstown, Ohio  44504-0186

For Defendants-Appellees:         Attorney Kristen Moore
                                  200 Market Avenue North
                                  Millennium Centre, Suite 300
                                  Canton, Ohio  44702

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                  Dated:  February 5, 2013

VUKOVICH, J.

{¶1} Plaintiff-appellant Fort Saginaw Plaza, Inc. appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in defendants-appellees Yeong Pyo and San Sae Hong (the Hongs) favor. Multiple arguments are raised in this appeal. However, the dispositive issue is whether Fort Saginaw complied with the terms of the 1994 Assignment that required it to provide the Hongs notice and opportunity to cure if their assignee, Hyon Kil and Young Ran Shin (the Shins), defaulted on the contract. For the reasons expressed below, we hold that Fort Saginaw did not adequately comply with that provision and thus, breached the contract. Therefore, summary judgment was appropriately granted in the Hongs favor. The judgment of the trial court is hereby affirmed.

<u>Statement of the Facts and Case</u>

{¶2} Fort Saginaw is a shopping center in Saginaw, Michigan that is owned by the Cafaro Company. In 1986 Fort Saginaw leased unit number 56 to the Donalman Corporation. That unit was to be operated as a dry cleaning store. In December 1990, the lease was amended and assigned to the Hongs; Fort Saginaw was a party to the assignment (1990 Assignment). The Hongs assumed the obligation of the original tenant, Donalman Corporation. The 1990 Assignment extended the lease until December 31, 2001. The 1990 Assignment listed the Hongs office address as "537 Overhill Road, Saginaw Michigan." In 1996 the Hongs assigned the lease retrospectively back to 1994 to the Shins (1994 Assignment). Fort Saginaw was once again a party to the assignment.

{¶3} In 1998, the Shins began to miss payments. In 2001, Fort Saginaw sent the Hongs notice of the default and a demand to make the account current. This notice was sent to an Illinois address that was discovered through a "Yahoo! People Search" and was also sent to the business address of the dry cleaning store. Both were undeliverable.

{¶4} In 2009, Fort Saginaw filed a complaint against the Shins and the Hongs for breach of contract, i.e. for non-payment of leasehold charges, alleging that it was owed $238,368.03 plus other amounts due and payable. Both the Hongs and

the Shins filed Civ.R. 12(B)(2) motions to dismiss for lack of personal jurisdiction. 11/27/09 and 12/30/09 Motions. The motions were denied because the Assignments were signed by a representative of Cafaro Company in Mahoning County, Ohio. The Hongs then filed an answer and thereafter filed a motion for summary judgment. Fort Saginaw also filed a motion for summary judgment. The motions were denied. 01/07/11 J.E. One month later the Hongs filed a motion for reconsideration. 02/11/11 Motion. Upon reconsideration, the trial court granted summary judgment for the Hongs and denied summary judgment for Fort Saginaw. 03/02/12 J.E.

**{¶5}** During the trial court proceedings, the Shins filed for bankruptcy and the debt was discharged through the Bankruptcy Court. Thus, the Shins were voluntarily dismissed from the lawsuit. 11/01/11 J.E.

**{¶6}** Fort Saginaw appeals from the decision that granted the Hongs summary judgment motion and that denied its own motion for summary judgment.

### First Assignment of Error

**{¶7}** "The trial court erred in granting summary judgment to appellees Hongs, where the court disregarded the language of lease assignments that made appellees individually liable to appellant Fort Saginaw Plaza, Inc., where the court placed a duty on appellant that went beyond the contract and was not based on the evidence presented, and where the court had insufficient evidence to release appellees of their contractual obligations in equity."

**{¶8}** In reviewing a summary judgment award, we apply a *de novo* standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Thus, we apply the same test as the trial court. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

**{¶9}** The trial court granted summary judgment to the Hongs for three reasons. First, it stated that a provision in the original lease agreement that was between the Donalman Corporation and Fort Saginaw provided that the landlord,

tenant, any successor in interest would not be personally liable in respect to any of the conditions of the lease. Although the assignments were signed in the individual capacity, the trial court found that the exoneration of individual liability clause in the lease applied. Second, the trial court stated that the Hongs were not given notice and an opportunity to cure the default as was required by the 1994 Assignment. The trial court stated that it was not until 11 years after the default, when the lawsuit was filed, that the Hongs were made aware of the default. Lastly, the court found that Fort Saginaw's claims were barred by the doctrine of laches. The court found that the Hongs had disposed of evidence that would have been helpful to their case and that there was an 11 year delay between the default and the filing of the action.

**{¶10}** Fort Saginaw disagrees with all three of these findings and argues that summary judgment should have been granted in its favor.

<u>Failure to Provide Notice and Opportunity to Cure</u>

**{¶11}** Our analysis begins with the trial court's second justification for granting summary judgment in the Hongs favor.

**{¶12}** The 1994 Assignment contains a clause that states:

> Assignor [the Hongs] hereby acknowledges that it shall no longer be a tenant under said Lease and shall no longer have any right, title, or interest in the estate of the tenant under the lease; except for purposes of notice and opportunity to cure in the event of Assignee's [the Shins] default.

1994 Assignment.

**{¶13}** The trial court found that this language created a duty on Fort Saginaw to provide the Hongs with notice and opportunity to cure if the Shins defaulted. The language is unambiguous and the trial court's interpretation of that language is accurate.

**{¶14}** Thus, Fort Saginaw was required to give the Hongs notice and an opportunity to cure the Shins default. The Hongs claim and the trial court found that Fort Saginaw failed to comply with this duty and as such, the Hongs could not be liable for their non-performance in remedying the default.

{¶15} The law in Ohio is that a party to a contract who prevents performance on the part of the adverse party cannot rely on that non-performance to claim a breach. *Suter v. Farmers' Fertilizer Co.,* 100 Ohio St. 403, 126 N.E. 304 (1919). Applying that law to this case, if Fort Saginaw failed to provide the required notice and opportunity to cure, then it prevented performance and cannot rely on the failure to cure the default to claim a breach of contract that would entitle it to damages. If that is the case, then summary judgment was appropriately granted for the Hongs. Therefore, the issue before us is whether Fort Saginaw provided the required notice and opportunity to cure.

{¶16} In finding that Fort Saginaw did not fulfill its obligations, the trial court stated:

> * * * Although Ft. Saginaw claimed that it attempted to find the Hongs, this assertion is disingenuous. First, the only location in which Ft. Saginaw attempted to provide notice was its own address at Ft. Saginaw Mall. In its defense, Ft. Saginaw asserts that the Hongs had requested that all correspondence be direct to them at their Holland Avenue business address within the Mall and that the Holland Avenue address was contained in the 1994 Assignment.
>
> It is customary for a lessee to accept correspondence at its place of business rather than personal residence during the term of a lease. Likewise, it would be equally customary for a lessor to address correspondence to a former lessee's personal residence following an assignment of the lease. The Hongs' current address is listed on the 1990 Assignment. The Hongs have lived in the same house from 1990 to the present. Ft. Saginaw knew that the Hongs were no longer located at the Ft. Saginaw Mall address, yet failed to look in its very own records for the Hongs' current address as listed on the 1990 Assignment. Moreover, in 2009, Ft. Saginaw found the Hongs at the address listed on the 1990 Assignment in order to serve this action against them. The Hongs were entitled to notice and Ft. Saginaw failed to provide it. In short, Ft. Saginaw failed to make any discernible effort

to provide notice to the Hongs as was required by the 1994 Assignment. Perhaps even more importantly, the Hongs were deprived the opportunity to cure the Shins' default prior to the default snowballing into the massive sum now sought by Ft. Saginaw. As a matter of law, the Hongs are entitled to judgment in their favor.

03/02/12 J.E.

**{¶17}** The record reveals that there were two attempts to notify the Hongs of the Shins' default. One was done by sending a notice of default letter to the business address of the dry cleaning store that was located in Fort Saginaw Plaza. The trial court found that this notice was not adequate to conform to the requirement in the 1994 Assignment.

**{¶18}** We agree with that conclusion. Admittedly, the dry cleaning store's address is the one identified in the 1994 Assignment as the Hongs address. However, the Hongs had already assigned the lease of the store to the Shins and the Shins were operating the dry cleaning store out of that address. Logically, it cannot be concluded that the Hongs would be receiving mail at the Shins' place of business. Therefore, the notice of default that was sent to the business address in the Fort Saginaw Plaza that the Hongs had assigned to the Shins was not a bona fide attempt to give the Hongs notice and opportunity to cure the Shins' breach of the lease agreement.

**{¶19}** Fort Saginaw insinuates in the appellate brief that the Hongs and the Shins have either some sort of familial relationship or know each other well enough that the Hongs would know that the Shins were in default on the lease payments. The record, however, does not confirm any type of relationship between the Hongs and the Shins beyond one being the assignor and the other being the assignee. Therefore, we cannot conclude that the Hongs knew of the default because they allegedly had some type of special relationship with the Shins.

**{¶20}** The second attempt of notifying the Hongs of the default occurring in 2001 when Fort Saginaw did a Yahoo! People Search. That search yielded an Illinois address for the Hongs. Notice was sent to the Illinois address, however, service could not be perfected.

**{¶21}** Beyond these two attempts, nothing in the record suggests that Fort Saginaw made any other effort to find the Hongs and notify them of the Shins' breach of the lease agreement. Fort Saginaw could have easily looked through its files for another address to use to notify the Hongs. Specifically, it could have looked at the 1990 Assignment.

**{¶22}** Attached to the Hongs' motion to reconsider are affidavits from the Hongs, which contain the averment that the Hongs have lived at "5371 Overhill, Saginaw," Michigan since the signing of the 1990 Assignment. 11/03/10 Affidavits. Those affidavits also indicate that the complaint was served on the Hongs at this address. The certified receipt cards in the record confirm that averment. The 5371 Overhill address is the only address the record shows where service of the complaint was attempted.

**{¶23}** The 1990 Assignment does contain an Overhill address, however, the address listed is "537 Overhill", not "5371 Overhill". That address is also listed as an office, not as a personal residence. Furthermore, the record does contain an indication that in 1991, the Hongs requested that all correspondence be sent to the dry cleaning store, the Holland Avenue address, which was where the notice of default was sent.

**{¶24}** Even when taking into account those facts, we agree with the trial court's conclusion that Fort Saginaw did not make a bona fide attempt to notify the Hongs of the default. Seven years after a Yahoo search was made, Fort Saginaw was able to serve the Hongs at address "5371 Overhill, Saginaw, Michigan," which is very similar to the address listed in the 1990 Assignment. The record does not show any other attempts at notifying the Hongs during those seven years. The record does not even show that Fort Saginaw attempted the "537 Overhill" address that was in its own records as a prior address to use to contact the Hongs.

**{¶25}** Consequently, considering all the above, the trial court's conclusion that Fort Saginaw did not make a discernible effort to notify the Hongs of the default is correct. Thus, there was no notice and opportunity to cure and the Hongs are not liable for their failure to cure. Summary judgment was appropriately granted on the basis of this reason alone. Therefore, we do not need to address the remaining

reasons that the trial court provided in granting summary judgment. This assignment of error lacks merit.

## Second Assignment of Error

**{¶26}** "The trial court erred in denying summary judgment to appellant Fort Saginaw Plaza Inc., where appellant demonstrated the lease made appellees Yeong Pyo Hong and Sang Hae Hong absolutely and unconditionally liable to appellant for unpaid charges and where appellees have not set forth specific facts showing there is a genuine issue for trial."

**{¶27}** This assignment of error is the converse of the first assignment of error. Therefore, since this court had determined that summary judgment was appropriately granted in the Hongs favor under the first assignment of error, this assignment of error lacks merit.

## Conclusion

**{¶28}** For the reasons expressed above, the judgment of the trial court is hereby affirmed. Its determination that Fort Saginaw did not make an adequate attempt to provide notice and opportunity to cure to the Hongs is correct and justifies the grant of summary judgment in the Hongs favor.

Donofrio, J., concurs.
Waite, J., concurs.